EUGENE S. ANDERSON II, by his Guardian Ad Litem, NANCY S. ANDERSON, and EUGENE S. ANDERSON v. CORNELIUS BUTLER, JR., and wife, PHYLLIS H. BUTLER

No. 49

(Filed 25 February 1974)

1. **Rules of Civil Procedure § 50— motion for directed verdict — statement of grounds mandatory**

The provision in Rule 50(a) of the N. C. Rules of Civil Procedure that a motion for a directed verdict shall state the specific grounds therefor is mandatory; however, the courts need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties.

2. **Rules of Civil Procedure § 50— failure to state grounds for directed verdict — consideration of denial on appeal**

   Where it was obvious to the trial judge and the adverse parties that defendants' motions for directed verdict challenged the sufficiency of the evidence to carry the case to the jury, the Supreme Court will consider denial of the motions though no grounds were assigned for the motions in the trial court.

3. **Negligence § 53— duty of landowner to invitee — duty to young child**

   If the owner, while the licensee is upon the premises exercising due care for his own safety, is actively negligent in the management of his property or business, as a result of which the licensee is subjected to increased danger, the owner will be liable for injuries sustained as a result of such active or affirmative negligence; however, a higher measure of care is required when a duty is owed to young children, and the owner cannot assume that a child will exercise due care for his own safety.

4. **Negligence § 5; Parent and Child § 8— dangerous instrumentality — liability of parent for injury caused by child**

   Ordinarily, a parent is not liable for the torts of his minor child, but a parent may be liable for his independent negligence if he permits his child to possess a dangerous instrumentality which causes injury to another; likewise, when a parent entrusts to an immature child an instrumentality which is not inherently dangerous but which becomes dangerous because of the child's immaturity or lack of judgment, the parent may incur liability for injuries or damages to others resulting from the use of the instrumentality by the child.

5. **Negligence § 5— forklift as dangerous instrumentality**

   A forklift is not a dangerous instrumentality *per se;* rather, it is a dangerous instrumentality when placed in the hands of a person who lacks the capacity to operate it safely.

6. **Negligence §§ 18, 58— nine year old plaintiff — no contributory negligence as a matter of law**

   Since a child between the ages of seven and fourteen years may not be held guilty of contributory negligence as a matter of law, an issue as to the nine year old plaintiff's contributory negligence did not complicate the question of defendants' right to a directed verdict in this negligence action.

7. **Negligence § 57— injury to minor invitee — sufficiency of evidence of negligence**

   In an action to recover for personal injuries sustained by minor plaintiff when he was struck by a forklift operated by defendants' minor son, evidence was sufficient to be submitted to the jury with respect to the negligence of the male defendant where such evidence tended to show that defendant owned the forklift, that he entrusted the forklift to his eleven year old son knowing at the time that the nine year old plaintiff was on the premises by invitation, and that defendant gave no warnings or precautionary instructions to the child operator or to the visiting child concerning the operation or use of the machinery. Evidence was insufficient to be submitted to the jury

Anderson v. Butler

.as to the negligence of the feme defendant where such evidence tended to show that she did not own the forklift and did not place it in the possession of her minor son, that the son at no time operated the forklift as her servant, by her direction or under her control, and that defendant spent the entire day on which the accident occurred engaged in her household duties, completely removed from the activities outside the dwelling.

This case was docketed and argued as No. 104 at the Fall Term 1973.

APPEAL by plaintiffs pursuant to G.S. 7A-30(2) from decision of the North Carolina Court of Appeals, 19 N.C. App. 627, 199 S.E. 2d 684, reversing the judgment of *Crissman, J.*, 4 December 1972 Session GUILFORD, Greensboro Division.

This is a civil action by plaintiff Eugene S. Anderson, II a minor, appearing by his Guardian Ad Litem, Nancy S. Anderson, to recover damages for personal injuries, and by plaintiff Eugene S. Anderson, father of Eugene S. Anderson, II, to recover for medical and hospital expenses incurred by him as a result of injuries suffered by his minor son. Both plaintiffs allege that injuries complained of were proximately caused by defendants' joint and several negligence.

The record evidence tends to show the following: Pursuant to telephone arrangements between his wife, and defendant Phyllis H. Butler, plaintiff Eugene S. Anderson on 11 April 1970 took his son Eugene S. Anderson, II (Sonny) to defendants' home to visit and play with their youngest son, Russell Butler (Russell). Russell and Sonny were nine years old. Defendants were living in a new home, and on that day their yard was being graded by a bulldozer operated by Needham Hockett. The terrain of the premises was still rough and partially ungraded. Mr. Anderson took Sonny inside the Butler home and left him with Mrs. Butler after telling Mrs. Butler to call if Sonny did not behave.

Mr. Butler operated a trailer manufacturing business in a shop which was located about 200 to 250 feet behind his dwelling. On the morning of 11 April 1970, defendants' eleven year old son, Donald, was operating a forklift which was ordinarily used in the trailer manufacturing business. The forklift was not being operated as a part of the trailer business, but was being used for the purpose of removing trash and litter from the premises of the Butler residence. Donald was operating the

Anderson v. Butler

machine with his father's knowledge, permission, and direction. The forklift was about seven or eight feet long from its mast to its rear and weighed between nine and ten thousand pounds. There was a mast on the front of the machine on which the forks slid up and down and on which a chain hoist operated to raise and lower the forks. The machine was powered by a diesel engine which could propel it at speeds described as a "slow walk" and a "fast walk." Donald had been operating the forklift for a period of two years at intervals of approximately once or twice a week. According to his father, Donald could handle the machine as well as he could.

On the morning of 11 April 1970, Sonny and Russell played in the house for a while and then went outside until lunch. After lunch they went to a nearby river and then returned to Russell's room. Between 2:30 and 3:00 p.m., Mrs. Butler told them that the bulldozer had run over the septic tank and the boys went outside to see it. At that time, Donald drove up on the forklift and asked Russell and Sonny to get on the machine and hold a rug in place that he was moving. The two younger boys mounted the machine as it stood near the rear of the dwelling and sat on the rug which was lying across the forks. Donald started the machine toward the shop building, and when they were about 75 feet from the shop the machine hit a bump, and Sonny fell from the forklift and was struck by it. He suffered serious personal injuries. Sonny testified that the forklift was being operated, " . . . as fast as it would go."

At the time Sonny and Russell mounted the forklift the male defendant was scraping dirt from the septic tank. According to Sonny, "I could see him and he could see me." There was no other evidence tending to show that either of the defendants actually saw Sonny or Russell on the forklift. However, both of the defendants knew of his presence on the premises prior to the accident.

Mrs. Butler stated that she was in the house most of the day engaged in her household work. She saw neither Russell nor Sonny on the forklift. During the morning Sonny asked her if he could ride on the forklift and she replied, "Absolutely not." Sonny denied that such conversation took place. Mrs. Butler first learned of the accident when Donald called her on the telephone from the shop.

Mr. Butler testified that he knew nothing of Sonny's visit until he saw him when he came in for lunch. He never saw Sonny

or Russell on the forklift and he first learned of Sonny's injury from his wife. He took Sonny home and then to the hospital.

Defendants moved for directed verdict at the close of the plaintiffs' evidence and at the close of all the evidence. The Motions were denied.

Issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff minor injured as a result of the negligence of the defendants, as alleged in the Complaint?

ANSWER: 'Yes.'

2. Did the plaintiff minor by his own negligence contribute to his injury, as alleged in the Answer?

ANSWER: 'No.'

3. What amount, if any, is the plaintiff minor entitled to recover from the defendants?

ANSWER: '$15,000.00'.

4. What amount, if any, is the plaintiff, EUGENE S. ANDERSON, the father, entitled to recover of the defendants as special damages incurred on behalf of the plaintiff minor?

ANSWER: 'Total medical expenses which we think are $4,849.45'."

Defendants' Motions for Judgment notwithstanding the verdict were denied.

Defendants appealed from Judgment entered, and the Court of Appeals in an opinion by Judge Vaughn, concurred in by Judge Campbell, held it was error to deny defendants' Motions for a directed verdict and reversed the judgment entered in Superior Court. Judge Baley dissented.

*Dees, Johnson, Tart, Giles & Tedder by J. Sam Johnson, Jr., for plaintiff appellants.*

*Harry Rockwell, John R. Hughes and Worth Coltrane for defendant appellees.*

BRANCH, Justice.

[1] Initially we are confronted with plaintiffs' contention that defendants are not entitled to present as an assignment of error

the denial of their Motions for directed verdicts upon appeal since they assigned no grounds for the Motions in the trial court.

Rule 50(a) requires that "A motion for a directed verdict shall state the specific grounds therefor."

The Federal Courts have construed the identical provisions in their Rule 50(a) of the Federal Rules to mean that the requirement is mandatory. *Capital Transportation Company v. Compton,* 187 F. 2d 844 (8th Cir. 1951) ; *Atlantic Greyhound Corp. v. McDonald,* 125 F. 2d 849 (4th Cir. 1942) ; *Duncan v. Montgomery Ward & Co.,* 108 F. 2d 848 (8th Cir. 1940) ; Wright & Miller, Federal Practice and Procedure: Civil § 2533. Our Court of Appeals has adopted the Federal construction *Wheeler v. Denton,* 9 N.C. App. 167, 175 S.E. 2d 769. The question has not been directly presented to this Court, but the Federal construction of the rule was approved in a dictum statement in *Hensley v. Ramsey,* 283 N.C. 714, 199 S.E. 2d 1.

We note that some of the Federal Courts have held that the rule is sufficiently complied with when the moving party makes his position clear by oral explanation, *Dowell, Inc. v. Jowers,* 166 F. 2d 214 (5th Cir. 1948), and when there is but a single issue, a Motion for directed verdict properly presents to the appellate courts the question of the sufficiency of the evidence to carry the case to the jury. *Rochester Civic Theatre, Inc. v. Ramsay,* 368 F. 2d 748 (8th Cir. 1966).

The purpose of the rule is to apprise the Court and the adverse parties of movants' grounds for the motion.

Professor James E. Sizemore's excellent discussion of the general scope and philosophy of the New Rules in 5 Wake Forest Intramural Law Review 1, at p. 37, (1969) includes the following:

" . . . If movant states the specific grounds of the motion, plaintiff may be able to meet the defect with proof, and his case would be complete. If movant was not required to state the specific ground, the defect might be the cause of a later judgment notwithstanding the verdict when it is too late for plaintiff to supply the proof. Failure to state specific grounds for the motion is sufficient reason to deny the motion. . . "

We hold that the provision in Rule 50 (a) that a motion for a directed verdict shall state the specific grounds therefor is mandatory. However, the courts need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties.

[2] In instant case, it is obvious that the motion challenged the sufficiency of the evidence to carry the case to the jury. There was no misapprehension on the part of the trial judge or the adverse parties as to the grounds for the motion. We, therefore, elect to review the denial of defendants' motions for directed verdicts.

We turn to the principal question presented by this appeal, that is, whether the evidence was sufficient to withstand defendants' motions for directed verdict.

All of the record evidence shows that the minor plaintiff was on defendants' premises as an invited guest and was therefore a licensee. *Murrell v. Handley,* 245 N.C. 559, 96 S.E. 2d 717.

[3] If the owner, while the licensee is upon the premises exercising due care for his own safety, is actively negligent in the management of his property or business, as a result of which the licensee is subjected to increased danger, the owner will be liable for injuries sustained as a result of such active or affirmative negligence. *Hood v. Coach Company,* 249 N.C. 534, 107 S.E. 2d 154; *Wagoner v. R. R.,* 238 N.C. 162, 77 S.E. 2d 701. We think that a higher measure of care is required when a duty is owed to young children. In the case of *Greer v. Lumber Co.,* 161 N.C. 144, 76 S.E. 725, this Court quoted with approval from *Holmes v. R. R.,* 207 Mo. 149, 105 S.W. 624, the following:

" . . . 'But common experience tells us that a child may be too young and immature to observe the care necessary to his own preservation, and therefore, when a person comes in contact with such a child, if its youth and immaturity are obvious, he is chargeable with knowledge of that fact and he cannot indulge the presumption that the child will do what is necessary to avoid an impending danger. Therefore, one seeing such a child in such a position is guilty of negligence if he does not take into account the fact that it is a child, and regulate his own conduct accordingly . . . ' "

See also, 57 Am. Jur. 2d, Negligence, § 124.

[4]    Ordinarily a parent is not liable for the torts of his minor child. *Griffin v. Pancoast,* 257 N.C. 52, 125 S.E. 2d 310; *Langford v. Shu,* 258 N.C. 135, 128 S.E. 2d 210. However, the parent may be liable if a tort is committed while the minor child is acting as the servant or agent of the parent and the negligent act was the proximate cause of an injury to another. *Johnson v. Lamb,* 273 N.C. 701, 161 S.E. 2d 131; *Hawes v. Haynes,* 219 N.C. 535, 14 S.E. 2d 503; *Linville v. Nissen,* 162 N.C. 95, 77 S.E. 1096. And a parent may be liable because of his independent negligence if he permits his child to possess a dangerous instrumentality which causes injury to another. *Smith v. Simpson,* 260 N.C. 601, 133 S.E. 2d 474; *Lane v. Chatham,* 261 N.C. 400, 111 S.E. 2d 598; *Bowen v. Mewborn,* 218 N.C. 423, 11 S.E. 2d 372. Likewise, when a parent entrusts to an immature child an instrumentality, such as an automobile, which is not inherently dangerous but which becomes dangerous because of the child's immaturity or lack of judgment, the parent may incur liability for injuries or damages to others resulting from the use of the instrumentality by the child. In both of the latter instances, liability arises from the parents' independent negligence and not from the imputed negligence of the child. The test of responsibility in all of these types of cases, as in all negligence actions, is whether an injurious result could have been foreseen by a person of ordinary prudence. *Linville v. Nissen, supra;* 57 Am. Jur. 2d, Negligence, §§ 110 and 118.

[5]    It is our opinion, and we hold, that a forklift is not a dangerous instrumentality *per se.* Rather, like an automobile, it is a dangerous instrumentality when placed in the hands of a person who lacks the capacity to operate it safely. *Taylor v. Stewart,* 172 N.C. 203, 90 S.E. 134; *Linville v. Nissen, supra; Miles v. Harrison,* 115 Ga. App. 143, 154 S.E. 2d 377; 57 Am. Jur. 2d, Negligence § 110.

A motion for a directed verdict by a defendant in a jury case presents the question of whether, as a matter of law, the evidence is sufficient to require submission of the case to the jury. *Bowen v. Constructors Equipment Rental Co.,* 283 N.C. 395, 196 S.E. 2d 789; *Investment Properties of Asheville, Inc. v. Allen,* 281 N.C. 174, 188 S.E. 2d 441. The motion presents substantially the same question as to sufficiency of evidence as did a motion for involuntary nonsuit under former G.S. 1-183. It is axiomatic that on a motion for directed verdict, plaintiff's evidence is to be taken as true and all of the evidence must be

Anderson v. Butler

considered in the light most favorable to plaintiff, giving him the benefit of every fact and inference of fact pertaining to the issues, which may be reasonably deduced from the evidence. *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47.

[6] Decision of the question before us is not complicated by the question of the minor plaintiff's contributory negligence since a child between the ages of seven and fourteen years may not be held guilty of contributory negligence as a matter of law. *Bell v. Page,* 271 N.C. 396, 156 S.E. 2d 711; *Welch v. Jenkins,* 271 N.C. 138, 155 S.E. 2d 763.

Whether there was sufficient evidence to withstand the motions of directed verdict by each defendant must be considered in light of the above-stated rules.

[7] We first consider the motion for a directed verdict by the male defendant, Cornelius Butler, Jr.

It was alleged in the Complaint and admitted in the Answer that the male defendant owned the forklift. There was sufficient evidence to permit, but not require, the jury to find that the male defendant entrusted to his eleven year old son Donald the forklift knowing at that time that the nine year old minor plaintiff was on the premises by invitation, and without giving any warnings or precautionary instructions to the child operator or to the visiting child concerning the operation or use of the machinery.

We are aware of the evidence concerning Donald's competency in the manual operation of the forklift. However, a distinction must be drawn between the manual skill and the maturity of judgment of any eleven year old child.

" . . . [I]n all negligence cases, the issue in the last analysis is whether the parent exercised reasonable care under all the circumstances . . . " *Langford v. Shu, supra.*

When considered in the light most favorable to the plaintiff, we think that there was sufficient evidence to permit the jury to decide whether under the circumstances of this case Cornelius Butler, Jr. exercised reasonable care when he placed the forklift in charge of his child of tender years.

We note, parenthetically, that the record discloses plenary evidence to have justified submission of the case to the jury on the theory of *Respondeat superior* as to defendant Cornelius Butler, Jr.

We next consider the motion for a directed verdict by defendant Phyllis H. Butler.

It is established by the pleadings that the forklift belonged to defendant, Cornelius Butler, Jr. When considered in the light most favorable. to plaintiffs, the evidence does not support a reasonable inference that the feme defendant had any part in placing the machine in Donald's possession or that he at any time operated it as her servant, by her direction or under her control. However, there is substantial evidence to the effect that prior to the accident, the defendant Phyllis H. Butler, spent the entire day of 11 April 1970 engaged in her household duties, completely removed from the activities outside the dwelling.

We hold that when considered in the light most favorable to the plaintiffs, there was not sufficient evidence to carry the case to the jury as to the defendant Phyllis H. Butler.

Defects in the charge, if any, are not before this Court by proper exception or assigment of error.

This cause is remanded to the Court of Appeals with direction that it be returned to the Superior Court of Guilford County, Greensboro Division, for entry of judgment in accordance with this opinion.

As to the defendant, Cornelius Butler, Jr., the decision of the Court of Appeals is reversed.

As to the defendant, Phyllis H. Butler, the decision of the Court of Appeals is affirmed.