MICHAEL E. MILLER AND CLIFFORD F. MILLER v. BOSTON VON HOUPE, JR., ADMINISTRATOR OF THE ESTATE OF THELMA IRENE DOWELL HOUPE, AND THOMAS LELAND DOWELL

No. 7629SC602

(Filed 5 January 1977)

Automobiles § 73— contributory negligence — insufficiency of evidence

In an action to recover for damages arising from an automobile collision, the trial court erred in submitting to the jury the issue of plaintiff's contributory negligence where there was no evidence that plaintiff was operating his vehicle on the wrong side of the road, or that he was negligent in failing to keep a proper lookout, to keep his truck under control, or to exercise due care to avoid the collision.

Judge CLARK concurring.

APPEAL by plaintiffs from Lewis, Judge. Judgment entered 3 March 1976 in Superior Court, McDOWELL County. Heard in Court of Appeals 8 December 1976.

This is a civil action wherein the plaintiffs, Michael E. Miller and Clifford F. Miller, seek to recover damages for personal injuries and medical expenses allegedly resulting from an automobile-truck collision in Iredell County, North Carolina.

At trial the plaintiffs offered evidence tending to show the following:

Rural Public Road 1892, commonly called Jennings Road, runs in a northerly-southerly direction in Iredell County, North Carolina. The two-lane paved road is approximately eighteen feet wide with a center line and has six-foot shoulders on either side. Between 7:00-7:30 a.m. on 14 June 1972, plaintiff Michael E. Miller, 17 years of age, was proceeding north on Jennings Road in a 1972 Ford pickup truck some 12 miles north of Statesville. Just south of a sharp curve to the west (plaintiff's left) his truck collided with a 1972 Chevrolet Impala driven by Thelma Dowell Houpe. (We refer to Mrs. Houpe as the defendant in the remainder of the opinion.) The plaintiff testified as follows:

"I was driving a four wheel drive half ton Ford pick-up. It was broad daylight and the weather was clear and the shoulders of this road were basically level with the road itself.

As I approached this point where the accident occurred, I was traveling 45 or 50 miles an hour.

The first time I saw this other vehicle that I collided with, it was approximately 10 or 15 feet in front of me. I was traveling when I first saw it at about 45 or 50 miles per hour and that was the first time I had ever noticed this particular vehicle.

There was no traffic behind me on the road and none in front of me in my lane traveling northward. Just before I saw this other car, I had taken my eyes off the road in front of me and checked both of my rear view mirrors to check traffic in the rear. When I looked back in front of me, that's when I saw this other car immediately and the collision ensued then. I had no opportunity to apply my brakes with the car that close.

In that interval of time, I saw this lady doing something with her hair or face.

\* \* \*

When I first saw the car, it was back there in the sharp part of the curve, but, you know, it wasn't doing anything suspicious and I didn't pay any attention to it and

that's when I checked my rear view mirror and the side mirror.

\*     \*     \*

With reference to the center line of the highway, my car was on the right of the center line going north. The other vehicle, at the time my attention was directed to it, was on my side of the road. As to the distance or portion of the car on my side of the road, about over half of it or three-quarters of the car was on my side of the road.

I was able to see the occupant in the other car. There was one person in the other car.

The last thing I remember before going unconscious was seeing her face in the mirror fixing her hair or face or something as she was coming towards me. She was looking at her face in the mirror. This rear view mirror was located in her car right in the center of the windshield.

When my attention was first called to this car being on my side of the road, I didn't have time to take any action. I tried to hit my brakes and swerve, but it was so quick I didn't have any time to do anything. I tried to swerve to my right which would have been off the road to my side."

Homer Simpson, who witnessed the accident while looking out the window of his mobile home testified:

"From where I was standing I could not tell whether one vehicle or the other was on one side of the road or not. The reason that I couldn't tell, like I said, there was two vehicles meeting and I wasn't expecting an accident and I wasn't paying that close attention, but it just looked like normal traffic. It wasn't too far away.

In other words, I simply didn't have my mind directed toward such things as what side of the road they were on and things of that nature."

Plaintiff's truck came to rest on the shoulder of the northbound lane facing south. Defendant's car came to rest in the northbound lane facing back towards the north. There was a concentration of dirt, debris, glass, oil and anti-freeze in the vicinity of the two cars just east of the center line or in the northbound lane.

Defendant offered no evidence.

The jury found that plaintiffs' injuries and expenses were caused by the negligence of defendant, and that plaintiff Michael E. Miller by his own negligence contributed to his injuries. From a judgment on the verdict, plaintiffs appealed.

*McQuire, Wood, Erwin & Crow by James P. Erwin and Charles R. Worley for plaintiff appellants.*

*Morris, Golding, Blue and Phillips by James F. Blue III for defendant appellees.*

HEDRICK, Judge.

Plaintiff contends the court erred in submitting to the jury the issue of contributory negligence.

Defendants argue that the physical evidence at the scene of the collision when considered with the testimony of the plaintiff and the witness Simpson and when considered in the light most favorable to the defendants, as must be done in this case, *Anderson v. Butler,* 284 N.C. 723, 202 S.E. 2d 585 (1974), is sufficient to support a finding by the jury that at least a portion of plaintiff's truck was being operated on the west side of the road in defendant's lane at the time of the accident. We do not agree. No construction of the evidence will permit a finding that any portion of the truck being operated by plaintiff ever crossed over the center line into defendant's lane. All of the evidence tends to show that the collision occurred on the east side of the road.

Defendants contend the evidence is sufficient to raise an inference that plaintiff was negligent in that he failed to keep a proper lookout, failed to keep his truck under control, and failed to exercise due care to avoid the collision. In their brief defendants' state:

"Under all the evidence concerning the physical layout of the scene, the width of the road, the shoulders and the vehicles, and the photographs, exhibits and diagram, there is ample evidence from which the jury could infer and find, even if it believed that the Houpe vehicle was completely in the wrong lane, that the appellant Michael Miller could have seen it there, had he been keeping a lookout and seen what there was to see, at a time when

Miller v. Houpe

under all the circumstances and the exercise of due care and control of his vehicle, he could have taken the necessary evasive action to avoid colliding with the other vehicle."

The foregoing statement is untenable simply because there is no evidence in this record from which the jury could find that any act or omission upon the part of the plaintiff was a proximate cause of the collision. This is true because there is no evidence in the record as to where the two vehicles were in relation to each other when defendant's automobile crossed over the center line into the northbound lane or plaintiff's lane of the road. From the evidence in the record the jury could only speculate as to whether plaintiff should have seen defendant's automobile on the wrong side of the road in his lane in time to have taken any action to avoid the collision. We hold the court erred in submitting the issue of contributory negligence to the jury.

Plaintiffs have additional assignments of error concerning the admission of testimony at trial and the charge to the jury, but since we remand the case to the superior court for a new trial on all the issues, *Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974), we need not discuss these assignments of error.

Reversed and remanded.

Judge PARKER concurs.

Judge CLARK concurs in result.

Judge CLARK concurring:

I concur in the result, but I do not agree that there was not sufficient evidence to justify the submission of the contributory negligence issue to the jury. It appears from the evidence that after seeing the defendant's vehicle approaching around a curve the plaintiff ceased looking ahead and looked in two rearview mirrors (first the one inside the cab and then the one outside the cab) before again looking in the direction of his travel. The evidence was sufficient to justify the submission of the contributory negligence issue to the jury. The jury could have found that if plaintiff had maintained a rea-

sonable lookout ahead he should have seen the oncoming vehicle when it approached and entered his traffic lane and by proper control could have avoided the collision.

I agree there was no evidence that plaintiff's vehicle was across the center of the highway, and therefore the trial court erred in instructing the jury that it could find plaintiff contributorily negligent in failing to yield one-half of the traveled portion of the highway to defendant's oncoming vehicle. The evidence does not disclose the distance of defendant's vehicle across the center of the highway.