FEIBUS & COMPANY, INC. (N.C.) (FORMERLY F.G. REALTY CORPORATION) v. GODLEY CONSTRUCTION COMPANY, INC.; M.R. GODLEY AND F.O. GODLEY

No. 82

(Filed 4 November 1980)

1. **Appeal and Error § 4; Rules of Civil Procedure § 50.5– directed verdict – affirmance on appeal – different ground from that asserted in trial**

    The Court of Appeals erred in upholding a directed verdict for defendants on a ground different from that upon which the trial court reached its decision when the ground relied upon by the Court of Appeals was not stated in defendant's motion or argument on the motion in the trial court. G.S. 1A-1, Rule 50(a).

2. **Limitation of Actions § 8.3– collapse of floor – fraud – tenant in possession – statute of limitations**

    The six year statute of limitations of G.S. 1-50 did not apply to an action for fraud arising out of the collapse of the floor of a building where the corporate tenant of the building merged into the corporate plaintiff after the building collapsed and plaintiff succeeded to the rights of the corporate tenant and thus was in possession of the building as tenant at the time of the injury. G.S. 1-50(5); G.S. 55-110(b).

3. **Limitation of Actions § 8.1– actions for fraud – applicable statute of limitations**

    Actions for fraud are not subject to the ten year limitation of G.S. 1-15(b) since G.S. 1-52(9) is a statute that "otherwise provide[s]" as to time of accrual of an action for fraud. Under G.S. 1-52(9) the three year limitation for an

action for fraud accrues at the time of discovery regardless of the length of time between the fraudulent act or mistake and discovery of it.

4. **Limitation of Actions § 8.1– action for fraud – reasonable time of discovery – jury question**

In this action for fraud arising out of the collapse of the floor of a building, plaintiff made a *prima facie* showing of reasonable discovery within three years prior to the suit and that the action was thus not barred by G.S. 1-52(9) where plaintiff offered proof that the subject of the alleged fraud, a drainage pipe which ran under the building, was buried deep in the ground and had never been inspected because of defendant's assurances that it was well constructed of concrete and that plaintiff "had nothing to worry about," and proof that the damage caused by the drainage system was not apparent until a cave-in caused the floor of the building to collapse.

Justice BROCK took no part in the consideration or decision of this case.

ON plaintiff's petition for discretionary review of a decision of the Court of Appeals, reported at 44 N.C. App. 133, 260 S.E. 2d 665 (1979), affirming a directed verdict for defendants entered by *Griffin, J.,* on 26 October 1978 in the Superior Court, MECKLENBURG County.

The primary issues involved in this appeal are (1) whether the provision in Rule 50(a), N.C. Rules of Civil Procedure, that "[a] motion for a directed verdict shall state the specific grounds therefor," is mandatory, and (2) whether the trial court applied the proper statute of limitations in an action for fraud.

*Hasty, Waggoner, Hasty, Kratt & McDonnell, by William J. Waggoner and John H. Hasty, for plaintiff-appellant.*

*Ervin, Kornfeld & MacNeill, by Winfred R. Ervin and Winfred R. Ervin, Jr., and Jones, Hewson & Woolard, by William L. Woolard, for defendants-appellee.*

CARLTON, Justice.

I.

Plaintiff is engaged in the textile waste business with a warehouse located in Charlotte, North Carolina. It buys waste and rag clippings from mills and resells them to the paper and plastic industry. The corporate defendant is a construction company located in Charlotte. F.O. Godley was at all relevant times an officer, director and stockholder of Godley Construction Co., Inc. The defendants are land developers and building contractors.

In the early 1960s plaintiff's corporate predecessor (hereinafter called plaintiff) required a larger warehouse within which to operate its business and to store the heavy bales of waste and rag clippings. After searching for a new location on which to build a new warehouse, plaintiff entered into negotiations with defendants. The negotiations culminated in the signing of two separate contracts in February of 1965, one with the individual defendants for the purchase of the land, the second with the corporate defendant for the design and construction of a warehouse that would meet plaintiff's specialized needs. Defendants were informed that the floors would be subjected to substantial loading and would have to be built accordingly. The purchase price for the land and building was $193,000 plus plaintiff's old warehouse and site.

In August 1965 the new warehouse was substantially completed and plaintiff moved in. The warehouse was not finally completed until 1967 or 1969. On 18 June 1975 a portion of the warehouse floor collapsed, causing substantial damage to the building.

Plaintiff repaired the building and filled in the land. On 1 July 1976 it filed suit against defendants as joint venturers. Its complaint prayed for damages of $250,000 and alleged three causes of action: (1) fraud, (2) negligent construction, and (3) breach of implied warranties.

Defendants answered, denying plaintiff's material allegations, pleading the statute of limitations, among other defenses, as a bar to plaintiff's claims. Defendants then moved for summary judgment under Rule 56, N.C. Rules of Civil Procedure. The motion was denied by Judge Kirby in an order dated 5 February 1978.

At trial, plaintiff presented evidence that the collapse of its warehouse was caused by the subterranean erosion of soil around and above an improperly installed drainage pipe which was on the land at the time of plaintiff's purchase. The pipe had no bedding underneath it, and the fill dirt on top of the pipe consisted of silt, sand, organic material, and some clay. The exact method of joining the sections of the pipe could not be determined, but the preferred and stronger method of joining by collars was not used. As a result of the weight of the soil above the pipe and the improper manner in which it was in-

stalled and the sections joined, the pipe flattened, creating cracks in the joints and causing erosion of the soil around the pipe by the water flowing through it. The erosion, or ravelling, created a cavity above the pipe and under the building. Over the years the cavity grew larger until it finally eroded enough of the building's support to cause it to collapse. The drainage pipe had been installed at least four years prior to the sale to plaintiff by an independent contractor hired by defendants.

Plaintiff also presented evidence of several misrepresentations made to it by defendants. Defendant F.O. Godley represented the pipe to be concrete and sixty inches in diameter when, in reality, it was of thin gauge metal. He also told plaintiff that there was no reason to be concerned about the pipe because of the construction and its depth. The building site had been filled some years prior to the sale to plaintiff. Defendants represented that the fill was well-compacted, would not settle and was "as good as virgin soil." Plaintiff was told that the property never flooded and that very little water flowed through the pipe. After the building collapsed plaintiff discovered that the fill consisted of sand, silt and organic material, that the pipe was metal and had been improperly installed, and that a large amount of water had flowed through the pipe over the years.

At the close of plaintiff's evidence defendants moved for a directed verdict on all three claims. Defendants' motion was granted and plaintiff appealed. The Court of Appeals affirmed, 44 N.C. App. 133, 260 S.E. 2d 665 (1979). Plaintiff petitioned for our discretionary review *with regard to the fraud claim only*. We granted the petition on 5 March 1980.

## II.

[1] We first consider whether the Court of Appeals erred in affirming the trial court's allowance of defendants' motion for directed verdict pursuant to Rule 50(a), N.C. Rules of Civil Procedure. For the reasons set out below, we hold that it did. We reverse.

We glean from the record that the trial court premised its allowance of defendants' motion for a directed verdict on the expiration of a statutory limitation period for plaintiff's fraud claim. However, the Court of Appeals affirmed defendants'

directed verdict on the fraud claim on a different ground. It evaluated the evidence presented and held it insufficient to establish a *prima facie* case of fraud. The Court of Appeals concluded that plaintiff had shown several misrepresentations — that the pipe was concrete instead of metal, that the pipe had been installed as few as three years or as many as twelve years earlier, and that the fill was compacted and as good as virgin soil — but that the evidence showed these misrepresentations to be immaterial. Plaintiff's expert testified that the cause of the cave-in was the improper installation of the drainage pipe and that none of the above representations, even had they been true, would have made any difference.

We must first consider the propriety of the Court of Appeals upholding the directed verdict on a ground different from that upon which the trial court based its decision, when the ground relied upon by the Court of Appeals was not stated in defendants' motion to the trial court.

Rule 50(a) of the North Carolina Rules of Civil Procedure requires that "[a] motion for a directed verdict shall state the specific grounds therefor." G.S. 1A-1, Rule 50(a) (1969). This Court held in *Anderson v. Butler*, 284 N.C. 723, 729, 202 S.E. 2d 585, 588 (1974), that this provision is mandatory.[1] In this case, defendant did not state the grounds for its motion in writing; instead, the grounds were stated on oral argument on the motion and a written transcript of that argument was included in the record on appeal as required by *Hensley v. Ramsey*, 283 N.C. 714, 726, 199 S.E. 2d 1, 8 (1973). Plaintiff contends that defendants did not include insufficient evidence as a ground for the directed verdict in their argument on the motion and, therefore, the Court of Appeals erred in upholding the directed verdict on that basis. We evaluate this contention in light of the purpose behind the requirement of Rule 50(a) that specific grounds for the motion be stated.

---

[1] Justice Branch (now Chief Justice), speaking for the Court, added "However, the courts need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties." *Anderson v. Butler*, 284 N.C. at 729, 202 S.E. 2d at 588.

"The purpose of the rule is to apprise the Court and the adverse parties of movant's grounds for the motion." *Anderson v. Butler*, 284 N.C. at 728, 202 S.E. 2d at 588. Professor Sizemore has provided an excellent insight into the function of this rule:

> If movant states the specific grounds of the motion, plaintiff may be able to meet the defect with proof, and his case would be complete. If movant was not required to state the specific ground, the defect might be the cause of a later judgment notwithstanding the verdict when it is too late for plaintiff to supply the proof. Failure to state specific grounds for the motion is sufficient reason to deny the motion.

Sizemore, *General Philosophy and Scope of the New Rules*, 5 W.F.L. Rev. 1, 37 (1969). We must, then, decide whether defendants' argument gave the trial court and plaintiff adequate notice that it challenged the sufficiency of the evidence. We conclude that it did not.

In his argument on the fraud cause of action, defendants' counsel stated:

> Now, on this Cause of Action, of course, the arguments are very much different [from the arguments as to the other causes of action]. *We cannot argue, I cannot in good faith argue to the court that there has been no evidence on that because there has been seven days of it.* We have had seven days of evidence from the plaintiff, all of it directed toward fraud, all of it trying to establish fraud, and the court is aware, and we are all aware, of what the elements of fraud are, what the various six elements are which the complainer is required to prove to establish fraud. We know what they are, and the plaintiff has undertaken to bring out evidence seeking to establish those six elements of fraud. That has been the thrust of the lawsuit almost in its entirety. *So I cannot argue to the court that the First Cause of Action should be dismissed on its merits,* but I can and I will and I do strenuously argue to the court that even the First Cause of Action is also barred by the Statute of Limitations.
>
> . . . . [devoted entirely to argument on the statute of limitations.]

*So even as to fraud, the First Cause of Action, about which there is an abundance of evidence,* we respectfully contend and argue to the court that that Cause of Action was also barred by G.S. 1-15, which is the broadest Statute of Limitations that we have. ... [continuation of statute of limitations argument.]

But again, in final summation, we would reiterate that first off it ought to be dismissed as to M.R. Godley for the reason that there is no evidence sufficient to hold him in the lawsuit. It also should be dismissed as to F.O. Godley and Godley Construction Company for the same reasons. I do not care to argue that point, but I do strenuously argue to the court that the Third Cause of Action [implied warranty] is clearly barred by the Statute of Limitations, and the Second Cause of Action [negligent construction] is clearly barred by the Statute of Limitations for the reasons I have just recited. They are both covered by three year statutes.

. . .

... His real allegations of fraud, those dealing with the six elements of fraud, are the First Cause of Action. We contend that the Third [Cause of Action for implied warranty] should be dismissed by the statute; the Second [for negligent construction] should be dismissed by the statute; and then you come down to the First, which is the fraud, and that's what all this lawsuit has been about. Everything that has been done has been directed toward it, and we respectfully submit that that one also by a different statute, by G.S. 1-15, should also be dismissed for the reason that it too was not brought within ten years after the time that the defect occurred or that it should have been discovered by the plaintiff; and for that reason we would respectfully move that the entire lawsuit be dismissed. Thank you.

[Emphases added.]

We think that defendants' argument, taken as a whole, indicates that the sole ground stated for the directed verdict motion as to fraud was the statute of limitations. Defendant contends that certain statements do suggest that insufficient

evidence was stated as a ground for the motion but was not argued:

> ... [F]irst off it [the entire action] ought to be dismissed as to M.R. Godley for the reason that there is no evidence sufficient to hold him in the lawsuit. It should also be dismissed as to F.O. Godley and Godley Construction Company for the same reasons. I do not care to argue that point. ...

These statements, taken out of context, may support defendants' contentions, but they are insufficient to give notice because other portions of the argument indicate, conclusively, that the sufficiency of the evidence on the fraud claim was not being questioned. Defendants' argument was therefore inadequate to apprise plaintiff of any challenge to the evidence, and that insufficiency of the evidence is clearly a "specific ground" for the directed verdict motion within the meaning of Rule 50(a). We must assume that the trial court granted defendants' directed verdict for the ground stated in defendants' argument. Because insufficiency of the evidence was not stated as a ground, the granting of the directed verdict was premised solely on the statute of limitations ground. No other ground was presented to the trial court.

Therefore, the only question properly before the Court of Appeals with respect to the motion for a directed verdict was whether the grant of the motion could be upheld on the basis of the statute of limitations. The Court of Appeals' opinion does not address this issue. We hold that the Court of Appeals erred in affirming the directed verdict on a ground not stated in defendants' motion. A contrary result would completely frustrate the notice purpose of Rule 50(a) because it would allow an appellant to question the sufficiency of an opponent's evidence for the first time on appeal. *Cf., Hensley v. Ramsey,* 283 N.C. 714, 199 S.E. 2d 1. Rule 50(a), by requiring specific grounds to be stated before the trial court in order to give notice, is clearly designed to prevent such a result.

Because we hold that the Court of Appeals erred in reaching the issue, we must decline to review the record to inquire into the sufficiency of the evidence to withstand a Rule 50(a) motion in the fraud action. The effect of our decision is to leave that issue unresolved on this appeal. If defendants desire

to test the evidence by a motion for directed verdict on re-trial, they are, of course, free to do so.

## III.

In light of the foregoing, we must now turn to the principal issue presented by this appeal, not reached by the Court of Appeals: Whether the directed verdict in defendants' favor should be affirmed because the action for fraud is barred by the statute of limitations.

[2] Defendants first contend that the limitation of this action is governed by G.S. 1-50 which, in part, provides:

> No action to recover damages for any injury to property, real or personal, . . . , arising out of the defective and unsafe condition of an improvement to real property, . . . , shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than six (6) years after the performance of furnishing of such services and construction.

G.S. § 1-50(5) (1969). If this statute provides the applicable limitation, plaintiff's cause of action would have accrued upon the completion of the construction, either in August 1965 or sometime in 1967, and would have been barred by the running of the limitation period long before the collapse of the building and the filing of this suit.

In order for this statute to apply, three circumstances must exist: (1) the action must be for recovery of damages to real or personal property, (2) the damages must arise out of the defective and unsafe condition of an improvement to real property, and (3) the party sued must have been involved in the designing, planning, or construction of the defective or unsafe improvement. Although the damages sought in this action are of the type required by this statute, damages to real or personal property, it is unclear whether the two remaining circumstances, that the damages arise from an improvement and the status of the defendant in relation to the improvement, arise on the facts of this case. Even assuming, arguendo, that these circumstances do exist, we must still consider whether the statute applied to *this plaintiff*. G.S. 1-50(5) also provides that "[t]his limitation shall not apply to any person in actual posses-

sion and control as owner, tenant or otherwise, of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury for which it is proposed to bring an action." *Id.* The injury contemplated by this statute is obviously not the defective and unsafe condition itself; the statutory language indicates that the injury is something subsequent to and caused by the defective condition and must mean the temporal damage caused by the condition. *See* Lauerman, *The Accrual and Limitation of Causes of Actions for Nonapparent Bodily Harm and Physical Defects in Property in North Carolina,* 8 W.F.L. Rev. 327, 345 (1972). Here the time of injury was the collapse of the building. We must decide whether this plaintiff was excluded from the coverage of the statute as of the date of the collapse.

Defendants contend that plaintiff was not "in actual possession and control" at the time of injury because it had leased the property, relinquishing possession and control, and, thus, was not within the excluded class. We need not decide that question, however, because the record discloses that the owner at the time of the injury, F.G. Realty Corp., merged into the corporate tenant, Feibus-Gordon of Charlotte, Inc., which was in actual possession and control, after the collapse of the building. Feibus-Gordon of Charlotte, the surviving corporation, later changed its name to Feibus & Company, Inc., the named plaintiff. It is well-established in this State that the surviving corporation succeeds to the rights of the corporation that merged into it and also retains its own rights and obligations as they existed prior to the merger. G.S. 55-110(b) (1975). Thus, the plaintiff, as tenant, was in actual possession and control on the date of the injury and the period of limitation prescribed by G.S. 1-50 is inapplicable.

[3] Defendant next contends that the action is barred by former G.S. 1-15(b) which provided:

Except where otherwise provided by statute, a cause of action, other than one for wrongful death or one for malpractice arising out of the performance of or failure to perform professional services, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the

claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs; provided that in such cases the period shall not exceed 10 years from the last act of the defendant giving rise to the claim for relief.

Law of July 21, 1971, 1971 N.C. Sess. Laws 1706, Ch. 1157, s. 1 (repealed 1979).

Prior to the 1971 enactment of this statute, the limitation for causes of action for fraud was governed by G.S. 1-52(9) (Cum. Supp. 1979), which provides that the action accrues upon discovery and creates a three-year limitation period. Defendant argues that because former G.S. 1-15(b) created for other cases of concealed injury the same criterion as to time of accrual of the action, its proviso placing a ten year outside limit on accrual should be construed to apply to all types of concealed injury, even those expressly covered by other statutes. Defendant cites as grounds for this contention the well-established rule of statutory construction that the Legislature is presumed to intend to correlate the statutory scheme by construing new statutes in harmony with existing statutes, stated in *Hardbarger v. Deal*, 258 N.C. 31, 127 S.E. 2d 771 (1962). The stated principle is inapplicable here because G.S. 1-15(b) expressly limits itself to those actions not covered by other statutes. G.S. 1-52 provides for the period of limitation and also for time of accrual for fraud actions. "Within three years an action — ... (9) For relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." G.S. § 1-52 (Cum. Supp. 1979). This is clearly the statute applicable to the instant case. We construe this provision to set accrual at the time of discovery *regardless* of the length of time between the fraudulent act or mistake and plaintiff's discovery of it. *See Lauerman, supra* at 348. Thus, G.S. 1-52(9) is a statute that "otherwise provide[s]" as to time of accrual, and fraud actions are not subject to the ten year limitation of G.S. 1-15(b).

[4] Defendant finally contends that the action is barred even if G.S. 1-52(9) is the applicable limitation because more than three years have elapsed since the time the plaintiff should reasonably have discovered the fraud. When plaintiff should, in the

exercise of reasonable care and due diligence, have discovered the fraud is a question of fact to be resolved by the jury. Because this case is before us for review of a directed verdict, we consider only whether plaintiff made a *prima facie* showing of reasonable discovery within the three years prior to the suit. *E.g., Kelly v. International Harvester Co.*, 278 N.C. 153, 179 S.E. 2d 396 (1971). We hold that it did. Plaintiff offered proof that the subject of the alleged fraud, the drainage pipe, was buried deep in the ground and had never been inspected by plaintiff because of defendants' assurances that it was well constructed and "nothing to worry about," and that the damage caused by the drainage system was not apparent until the cave-in. While we express no opinion as to whether this evidence, by itself, would be sufficient to require an ultimate finding in plaintiff's favor, we do consider it sufficient to create an issue of fact for the jury and to overcome a motion for directed verdict.

We hold, therefore, that the trial court erred in allowing the motion for directed verdict pursuant to Rule 50(a), N.C. Rules of Civil Procedure, on the stated ground of the statute of limitations.

### IV.

Finally, several procedural contentions are presented. This cause was first heard before Judge Kirby on defendants' motion for summary judgment. Judge Kirby denied defendants' motion at the close of the hearing but did not sign a written order at that time. The term of court was adjourned on that day. Judge Kirby signed the written order at his home, which was outside the district, after the term of court expired. Defendants contend that the order is invalid because it was signed out of term and district without their consent. Their contention is without merit. Rule 6(c) of the Rules of Civil Procedure provides that the expiration of a session of court has no effect on the court's power "to do any act or take any proceeding." G.S. § 1A-1, Rule 56(c) (1969). This rule clearly allows a written order to be signed out of term, especially when such an act merely documents a decision made and announced before the expiration of the term. This assignment of error is overruled.

Defendants also assign as error Judge Kirby's denial of their summary judgment motion. This contention is without merit. Summary judgment can be entered only when there

Feibus & Co. v. Construction Co.

exists no genuine issue as to any material fact and when the movant shows he is entitled to judgment as a matter of law. G.S. § 1A-1, Rule 56(c) (1969); *accord, Bell v. Martin,* 299 N.C. 715, 718, 264 S.E. 2d 101, 103 (1980); *Pitts v. Pizza, Inc.,* 296 N.C. 81, 85, 249 S.E. 2d 375, 378 (1978); *Page v. Sloan,* 281 N.C. 697, 704, 190 S.E. 2d 189, 193 (1972). Generally, summary judgment is inappropriate when intent or other subjective feelings are material. *Smith v. Currie,* 40 N.C. App. 739, 253 S.E. 2d 645 (1979); 6 Moore's Federal Practice ¶56.17, at 930 (2d ed. 1948). This case is no exception. The evidence before Judge Kirby showed that intent was a contested issue. Other evidence before the judge indicated other disputed material facts. Denial of the summary judgment motion was proper. This assignment of error is overruled.

In light of our holding above, we find it unnecessary to consider the parties' remaining procedural assignments of error.

In conclusion, we hold that defendants' failure to include insufficiency of the evidence as a ground for its directed verdict motion precludes our consideration of that ground on appeal and that plaintiff's claim is not barred, as a matter of law, by the applicable statute of limitations, G.S. 1-52(9). Defendants' motion for directed verdict as to the fraud claim should have been denied on the specific grounds stated in its motion. The trial court erred in granting that motion. The Court of Appeals erred in affirming the motion on a ground not stated when the motion was made.

The decision of the Court of Appeals with regard to plaintiff's cause of action for fraud is reversed. This cause is remanded to that court with instructions to remand to the Superior Court, Mecklenburg County, for further proceedings consistent with this opinion.

Reversed and remanded.

Justice BROCK took no part in the consideration or decision of this case.