EDWARD R. SHATLEY, ADMINISTRATOR OF THE ESTATE OF DESS B. PENDERGRASS, DECEASED v. SOUTHWESTERN TECHNICAL COLLEGE AND MACON SAVINGS AND LOAN ASSOCIATION

No. 8430SC1288

(Filed 18 June 1985)

Trusts § 1.1— trust not created under statute—issue of trust under common law

No trust was created pursuant to G.S. 54B-130 where decedent signed the front of a discretionary revocable trust form indicating that she was the trustee for Southwestern Technical College as specified in the trust agreement on the reverse side of the form, but the discretionary revocable trust agreement on the reverse side was never executed. However, a genuine issue of material fact was presented as to whether a trust was created under the common law.

APPEAL by defendant, Southwestern Technical College, from *Downs, Judge.* Judgment entered 21 September 1984 in Superior Court, MACON County. Heard in the Court of Appeals 6 June 1985.

This is a civil action wherein the plaintiff sought a declaratory judgment to determine the rights of the respective parties to the funds contained in Macon Savings and Loan Association account number 8103-182-2. The form which was prepared for this account was a SC 1 TR-Discretionary Revocable Trust Account.

The front of the form indicated that Ms. Pendergrass was the trustee for Southwestern Technical College as specified in the trust agreement on the reverse side of the form; however, the discretionary revocable trust agreement on the reverse side was never executed.

On 25 September 1983, Ms. Pendergrass died intestate. The administrator of her estate filed this action seeking a declaration of the rights of the estate, Southwestern Technical College and the Savings and Loan in the abovementioned funds. The Savings and Loan answered claiming no ownership in the funds and praying that a judgment be entered declaring the rights of the other parties. The College answered alleging that a trust had been created by the deposit of the funds into the account and contending that they were entitled to the money.

On 3 July 1984, the plaintiff moved for summary judgment. The College responded with several affidavits. On 21 September 1984, the trial court entered summary judgment for the plaintiff. From this judgment, the defendant, Southwestern Technical College appealed.

*Robert F. Siler for plaintiff appellee.*

*Holt, Haire & Bridgers, by W. Paul Holt, Jr., Ben Oshel Bridgers and Margaret C. Robinson, for defendant appellant.*

ARNOLD, Judge.

The issues presented for review are whether the court erred in allowing the plaintiff's motion for summary judgment and ordering that the funds in the account be made a part of Ms. Pendergrass's estate. G.S. 54B-130 in pertinent part provides:

(a) If any one or more persons holding or opening a withdrawable account shall execute a written agreement with the association, providing for the account to be held in the name of such person or persons as trustee or trustees for one or more persons designated as beneficiaries, the account and any balance thereof shall be held as a trust account, and unless otherwise agreed upon between the trustees and the association:

    . . . .

(3) Upon the death of the surviving trustee, the person
or persons designated as beneficiaries who are living
at the death of the surviving trustee shall be the
holder or holders of the account, as joint owners with
right of survivorship if more than one, and payment
by the association to the holder or any of them shall
be a total discharge of the association's obligation as
to the amount paid.

(b) If a person opening or holding a withdrawable ac-
count shall execute a written agreement with an association
providing that, upon the death of the person named as hold-
er, that the account shall be paid to or held by another desig-
nated person or persons, then the account and any balance
thereof, shall be held as a payment on death account and
unless otherwise agreed between the person executing such
agreement and the association:

(1) Upon the death of the holder of such a withdrawable
account, the person designated by him and who has
survived him shall be the owner of the account, and
payment made by the association to any such person
shall be a total discharge of the association's obliga-
tion as to the amount paid;

. . . .

Ms. Pendergrass signed the following document at Macon Savings
and Loan Association:

Account No. 8103182-2
(1) PENDERGRASS, DESS B.                                Trustee

(2) Southwestern Tech. College                      Beneficiary
(Last Name)    (First Name)    (Middle Name)

I hereby apply for a savings account in

MACON SAVINGS & LOAN ASSOCIATION

and for the issuance of evidence thereof. A specimen of my
signature is shown below and you are hereby authorized to
act without further inquiry in accordance with writings bear-
ing such signature. It is agreed that any funds placed in or
added to this account by the undersigned, whether in his

trustee or individual capacity, is and shall be conclusively intended to be a gift and delivery at that time of such funds to the trust estate. You are authorized to supply any endorsement for me on any check or other instrument tendered for this account and you are hereby relieved of any liability in connection with collection of such items which are handled by you without negligence, and you shall not be liable for the acts of your agents, subagents or others for any casualty. Withdrawals may not be made on account of such items until collected, and any amount not collected may be charged back to this account, including expense incurred, and any other outside expense incurred relative to this account may be charged to it.

Signature    s / DESS B. PENDERGRASS                as Trustee

Address    144 Harrison Ave.        Franklin, NC 28734

As Trustee for    STC                        , Beneficiary

as specified in trust agreement on reverse side hereof.

Dated 2-15-83

However, she never executed the agreement on the reverse side which was designed to create the trust. Thus, no trust was created pursuant to the terms of G.S. 54B-130.

Having determined that no trust was created pursuant to the statute there is still the question of whether a trust was created under the common law. "The essentials of a valid express trust are: (1) sufficient words to create it; (2) a definite subject matter; (3) an ascertainable object; and (4) designated beneficiaries." *Williams v. Mullen*, 31 N.C. App. 41, 45, 228 S.E. 2d 512, 514 (1976). Elements numbers two, three, and four are established by the front of the signature card which was signed by Ms. Pendergrass.

In deciding if sufficient words were used we are mindful of the words of our Supreme Court when it stated: "The declaration of a trust in personalty is not required to be in writing, and if in writing, it may be contained in letters or other writings. . . . No technical terms need be used. It is sufficient if the language used shows the intention to create a trust, clearly points out the prop-

erty, the disposition to be made of it, and the beneficiary." *Witherington v. Herring*, 140 N.C. 495, 497, 53 S.E. 303, 304 (1906).

"Generally, summary judgment is inappropriate when intent or other substantive feelings are material." *Feibus & Co. v. Construction Co.*, 301 N.C. 294, 306, 271 S.E. 2d 385, 393 (1980), *reh'g denied*, 301 N.C. 727, 274 S.E. 2d 228 (1981). Where competent evidence is presented which would raise an issue of whether a trust was created by the alleged actions it is the duty of the trial court to submit it to the jury to determine whether the trust is established by clear, strong, convincing and cogent evidence. *Taylor v. Wahab*, 154 N.C. 219, 70 S.E. 173 (1911); *Williams v. Mullen*, 31 N.C. App. 41, 228 S.E. 2d 512 (1976). Where, as here, a jury trial has not been requested it is an issue which must be determined by findings of fact and conclusions of law. The evidence before the court raised such an issue of fact; therefore, summary judgment was improper.

Reversed and remanded.

Judges MARTIN and PARKER concur.