IN RE WILL OF JONES

[114 N.C. App. 782 (1994)]

---

IN THE MATTER OF THE WILL OF LUGENIA M. JONES, Deceased

No. 9311SC344

(Filed 17 May 1994)

**1. Trial § 266 (NCI4th) — directed verdict — caveat to will — statement of grounds for motion**

The trial court did not err by granting a directed verdict for the propounders in a will caveat case where the caveators contended that the motion failed to state specific grounds in favor of the motion. The issues of undue influence and testamentary capacity were clearly identified, the grounds for the motion were apparent, and it is obvious that the motion challenged the sufficiency of the evidence as to these issues. The parties and the court were sufficiently apprised of the grounds for the motion. N.C.G.S. § 1A-1, Rule 50(a).

**Am Jur 2d, Trial §§ 939, 940, 981 et seq.**

**2. Wills § 65 (NCI4th) — undue influence — motion for directed verdict — sufficiency of evidence**

The trial court did not err by granting a directed verdict for the propounders in a will caveat action based on undue influence where the caveators did not present sufficient evidence to establish a prima facie case of undue influence.

**Am Jur 2d, Wills §§ 1083-1089.**

IN RE WILL OF JONES

[114 N.C. App. 782 (1994)]

3. **Evidence and Witnesses § 87 (NCI4th)— caveat—undue influence—behavior of primary beneficiary after execution—excluded**

The trial court did not err in a caveat proceeding by excluding evidence regarding the behavior of the primary beneficiary after the execution of the will.

**Am Jur 2d, Evidence § 253.**

Appeal by caveators from judgment entered 17 September 1992 by Judge Knox V. Jenkins in Johnston County Superior Court. Heard in the Court of Appeals 1 February 1994.

This case involves a dispute over the Last Will and Testament of the decedent, Lugenia M. Jones. On 1 May 1991, the ninety-two-year-old decedent was admitted to Johnston Memorial Hospital in Smithfield, North Carolina. The decedent underwent major abdominal surgery upon admission to the hospital and was placed in intensive care for several days following the surgery. Thereafter, she was moved to a private room.

Vicky Lee, a hospital nurse, testified that the decedent asked her numerous times to contact Carolyn Ennis, a longtime friend and fellow schoolteacher, because the decedent had some "business" to discuss with her. Ennis went to the decedent's hospital room on 6 May 1991 and discussed with her the drawing of her will. She took notes based on her conversation with the decedent regarding her will and took them to an attorney at the decedent's request. The attorney prepared the will per the decedent's instructions as dictated by Ennis. The next day, Ennis took the will back to the decedent's hospital room where, after stating that she had read and understood the will, she signed it in the presence of a notary and two witnesses.

The pertinent parts of the will distributed the decedent's property as follows: First Missionary Baptist Church ($500); Robert Mangum (step-son—$1200); Columbus Mitchener ($1200); Bertha Mae Sutton (niece—$500); Earldine Reid (aunt—$15,000, automobile and personal and household furnishings); Cora Jane Dickerson (niece—$1500); Kenneth Reid (great grand-nephew, whom the decedent referred to as her "son"—life insurance policies, retirement benefits, and house); Carolyn Ennis (friend and fellow schoolteacher—residuary beneficiary and executrix).

**IN RE WILL OF JONES**

[114 N.C. App. 782 (1994)]

On 29 July 1991, Herbert C. Mitchener, Sr., a nephew of the decedent, and Alice Quiller, Mitchener's niece, filed a caveat to the Will of Jones. Eric Mitchell, Krisandra Mitchell and Gloria (Bertha Mae) Sutton also participated as caveators. The Estate of Lugenia M. Jones through the executrix, Carolyn Ennis, together with Kenneth Reid, Earldine Reid, Robert Mangum, and Cora Jane Dickerson, participated as propounders. The caveat challenged the capacity of the decedent to make a will and further alleged that she had been unduly influenced by the primary beneficiaries of the will, Kenneth Reid and Earldine Reid. At trial the trial court granted propounders' motion for directed verdict. Caveators appeal.

*John F. Oates, Jr. for caveator appellants.*

*Susan S. Haas for propounder appellees.*

ARNOLD, Chief Judge.

[1] Caveators' first assignment of error is that the trial court erred in granting a directed verdict for propounders. Based on the then recent case of *In re Will of Jarvis*, 107 N.C. App. 34, 418 S.E.2d 520 (1992), *aff'd in part, rev'd in part*, 334 N.C. 140, 430 S.E.2d 922 (1993), which allowed a Rule 50 directed verdict motion in caveat cases, the trial court granted a directed verdict in favor of propounders on the issues of undue influence and testamentary capacity. Rule 50(a), which governs a motion for directed verdict states that "[a] motion for directed verdict shall state the specific grounds therefor." N.C. Gen. Stat. § 1A-1, Rule 50(a) (1990). Caveators contend that the trial court erred by granting a motion which failed to state specific grounds in support of the motion, and further by granting the directed verdict motion where caveators established a prima facie case of undue influence exercised by Kenneth Reid.

First, while Rule 50(a) requires that a motion for directed verdict state specific grounds for the motion, failure to state such grounds is not a basis for an automatic reversal of the directed verdict on appeal. "[T]he courts need not inflexibly enforce the rule [as to stating specific grounds] when the grounds for the motion are apparent to the court and the parties." *Anderson v. Butler*, 284 N.C. 723, 729, 202 S.E.2d 585, 588 (1974). In the case at bar, the issues of undue influence and testamentary capacity were clearly identified, and the grounds for the motion were apparent. It is obvious that propounders' motion challenged the sufficiency of

the evidence as to these issues. The parties, as well as the court, were sufficiently apprised of the grounds for the motion, thus meeting the purpose of a Rule 50(a) motion.

[2] Moreover, caveators did not present sufficient evidence to establish a prima facie case of undue influence. Undue influence is defined as "the substitution of the mind of the person exercising the influence for the mind of the testator, causing him to make a will which he otherwise would not have made." *In re Andrews*, 299 N.C. 52, 54, 261 S.E.2d 198, 199 (1980) (quoting *In re Will of Kemp*, 234 N.C. 495, 498, 67 S.E.2d 672, 674 (1951)). Although caveators contend certain factors relevant to the issue of undue influence, *see In re Andrews*, 299 N.C. 52, 261 S.E.2d 198, such as the decedent's age and infirmity, were supported by the evidence, we find the record devoid of any evidence sufficient to withstand a motion for directed verdict.

[3] Caveators' second assignment of error is that the trial court erred in excluding evidence of Kenneth Reid's behavior after the execution of the will. Caveators contend that evidence that Kenneth Reid attempted to exclude the decedent's relatives from financial conversations with the decedent, and to eject them from her house, raised an inference that Reid had knowledge of the contents of the will, which he did not want to share with other family members; this evidence, therefore, was relevant to the issue of undue influence, and thus, admissible. We disagree.

During the direct examination of Herbert C. Mitchener, Sr., caveator, counsel attempted to elicit testimony regarding conversations Mitchener had with Kenneth Reid and Earldine Reid immediately following the funeral of the decedent. Propounders' objection to the testimony was sustained. The court conducted a voir dire out of the presence of the jury:

> THE COURT: . . . Now, what's the purpose of the conversations that occurred after the will was executed.
>
> . . . .
>
> What does [the conduct of the propounders during the funeral] have to do with whether or not these people exerted undue influence on the testator? I mean what possible probative value could that have? You haven't laid any foundation for it. I've let you go along as much as I can.

IN RE WILL OF JONES

[114 N.C. App. 782 (1994)]

MR. OATES: Your Honor, it shows the presence of it by showing their attitude in that they wanted as little input and communication from Mr. Mitchener and his daughters once they had produced and created this will that benefitted Mr. Reid— Ms. Earldine and Mr. Kenneth Reid. All of a sudden it was Mr. Mitchener and his side of the family that were completely cut out.

THE COURT: All right, I don't see that has any probative value. You've laid no foundation about any undue influence exerted by anybody prior to the execution of the will.

At the close of all the evidence, counsel for caveators presented offers of proof through the testimony of Herbert C. Mitchener and his son, Herbert Mitchener, Jr. The essence of the offers of proof was a conversation between Kenneth Reid, Earldine Reid and Herbert Mitchener in which Mitchener discovered that a will had been procured, yet no details were discussed. Also, Mitchener's testimony indicated that on one occasion Kenneth Reid asked him to step out of the decedent's hospital room while Reid spoke to her about bills that had to be paid. Finally, Mitchener's son testified to a fight that broke out between the Mitcheners and the Reids in which the police were called to remove the Mitcheners from the property.

Evidence is relevant if it has a tendency to make a fact of consequence more probable than it would be without such evidence. N.C. Gen. Stat. § 8C-1, Rule 401 (1990). The trial court is entitled to great deference in ruling on questions of relevancy. *State v. Wallace*, 104 N.C. App. 498, 410 S.E.2d 226 (1991), *disc. review denied*, 331 N.C. 290, 416 S.E.2d 398, *cert. denied*, --- U.S. ---, 121 L. Ed. 2d 241 (1992). We find nothing in the record with regards to the excluded testimony to suggest that the trial court erred. We defer to the trial court's ruling and find no error on this issue.

This matter shall be remanded to Johnston County Superior Court for administration of the Estate of Lugenia M. Jones.

Affirmed.

Judges WYNN and MARTIN concur.