[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17573
Non-Argument Calendar
_____

D.C. Docket No. 1:11-md-02218-TWT

In Re: CAMP LEJEUNE, NORTH CAROLINA WATER CONTAMINATION LITIGATION.

_____

_____

LEANDRO PEREZ, et al.,

                                                                    Plaintiffs,

ANDREW STRAW,
JAMES NATHANIEL DOUSE,
ERICA Y. BRYANT,
ROBERT BURNS,
DANIEL J. GROSS, II,
ROBERT PARK,
SHARON KAY BOLING,
LINDA JONES,
ESTELLE RIVERA,

                                                        Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,
DEPARTMENT OF THE NAVY,
United States of America,
ADMINISTRATOR OF THE ENVIRONMENTAL PROTECTION AGENCY,

DIVISION DIRECTOR, DEPARTMENT OF ENVIRONMENTAL
PROTECTION AGENCY,
DEPARTMENT OF DEFENSE,
SECRETARY OF THE NAVY,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(May 22, 2019)

Before TJOFLAT, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Andrew Straw, James Douse, Erica Bryant, Robert Burns, Daniel Gross, Robert Park, Sharon Boling, Linda Jones, and Estelle Rivera (collectively, "Plaintiffs") appeal the District Court's dismissal of their actions alleging that the Government negligently injured them by providing contaminated water while they inhabited Marine Corps Base Camp Lejeune in the 1970s and 1980s.

On appeal, Plaintiffs argue that the District Court committed four errors. First, they argue that the District Court erred in determining that their claims are barred by the discretionary-function exception to the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. § 2680(a). Second, they argue that the District Court erred in determining that North Carolina's ten-year statute of repose bars their claims.

2

Third, they argue that the District Court erred in determining that the *Feres*[1] doctrine bars their claims, as their injuries were not incidental to their military service. Fourth and finally, Plaintiff Straw argues that the District Court abused its discretion by denying his motion for default judgment because the Government failed to respond to his pleading.

Because we hold that North Carolina's ten-year statute of repose applies to and bars Plaintiffs' claims, we affirm the District Court's judgment without reaching the FTCA, *Feres* doctrine, and default judgment issues.

## I.

We review *de novo* the District Court's granting of a motion to dismiss. *See Zelaya v. United* States, 781 F.3d 1315, 1321 (11th Cir. 2015).

In this case's prior interlocutory appeal, we held that "North Carolina's statute of repose, N.C. Gen. Stat. § 1-52(16) (2010), applies to the plaintiffs' claims, and it does not contain an exception for latent diseases." *Bryant v. United States*, 768 F.3d 1378, 1385 (11th Cir. 2014). Plaintiffs now argue that this Court clearly erred in deciding *Bryant*. Even if Plaintiffs are correct—which they are not[2]—it is axiomatic that "a prior panel's holding is binding on all subsequent

---

[1] *Feres v. United States*, 340 U.S. 135, 71 S. Ct. 153 (1950).

[2] In *Stahle v. CTS Corp.*, 817 F.3d 96 (4th Cir. 2016), the Fourth Circuit addressed the same question we confronted in *Bryant*. Though the Fourth Circuit reached a different conclusion, one member of the panel went out of her way to note that "[t]he Supreme Court of North Carolina itself has sent mixed signals about the scope of § 1-52(16)." *Id.* at 114 (Thacker, J., concurring). What's more, the four federal circuit courts that have interpreted § 1-52(16)

3

panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (per curiam) (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)). Neither the Supreme Court nor this Court sitting *en banc* has overruled *Bryant*, so its holding remains good law.

In addition to arguing squarely against precedent, Plaintiffs now contend that a six-year statute of repose—that is, *not* the ten-year "statute of repose that has been at issue for the entirety of this litigation,"[3] but another one—applies to their claims. The new statute of repose provides that "[n]o action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-50(a)(5)(a). Plaintiffs would rather be subject to the six-year statute of repose because it contains an exception for defendants who are "in actual possession or control . . . of the improvement at the time the defective or unsafe condition constitutes the proximate cause of the [plaintiff's injury]." *Id.* § 1-50(a)(5)(d).

---

have expressed "different views of the statute's scope." *Id*. (collecting cases). Given the difficulty of this question and the diversity of interpretations it has produced, Plaintiffs' suggestion that we plainly erred in *Bryant* is plainly misguided.

[3] *In re Camp Lejeune N.C. Water Contamination Litig.*, 263 F. Supp. 3d 1318, 1336 (N.D. Ga. 2016).

Plaintiff Rivera[4] contends that this six-year statute of repose applies because she "alleged that [her] injuries arose out of the defective and unsafe conditions of improvement to real property" at Camp Lejeune.  Rivera Br. at 9–10.  The problem with this argument is that Rivera's allegations are conclusory, and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Section 1-50(a)(5), the six-year statute of repose, "deals expressly with claims arising out of defects in improvement to realty caused by the performance of specialized services of designers and builders."  *Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc.*, 328 S.E.2d 274, 279–80 (N.C. 1985).  "In order for this statute to apply, . . . the party sued must have been involved in the designing, planning, or construction of the defective or unsafe improvement."  *Feibus & Co. v. Godley Constr. Co.*, 271 S.E.2d 385, 391 (N.C. 1980).  It is, "in essence, an architect's and builder's malpractice statute."  *Trs. of Rowan Tech. Coll.*, 328 S.E.2d at 280.  So to be subject to this statute of repose rather than the ten-year statute of repose, Plaintiffs were required to allege defects in the design or construction of the wells at Camp Lejeune.  Bryant and Wright do not do so.

---

[4] Three Plaintiffs—Bryant, Wright, and Rivera—argue that the causes of action pleaded in their complaints subject their claims to the six-year statute of repose.  None of them is correct, but Plaintiff Rivera advances the strongest argument, so we use it as an example.

5

And—though she advances the strongest argument—neither does Rivera. The closest Rivera comes to alleging a construction defect is when she claims that over-pumping of the base's water wells, in addition to deficient maintenance and inspection, caused the wells to become "defective and unsafe." Rivera Br. at 17. But this is conduct that allegedly occurred *after* the construction of the wells, and thus cannot support a claim that the wells were defectively designed or constructed.

## II.

As we held five years ago, Plaintiffs' claims are subject to the ten-year statute of repose under N.C. Gen. Stat. § 1-52(16). The wells at issue in this case were taken out of use in 1987, and the earliest claim by a Plaintiff was made in 1999—two years after the statute of repose had cut off Defendants' liability.

**AFFIRMED.**