Vanguard Pai Lung, LLC v. Moody, 2022 NCBC 48.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 13891

VANGUARD PAI LUNG, LLC; and
PAI LUNG MACHINERY MILL CO.
LTD.,

        Plaintiffs and
        Counterclaim Defendants,

v.

WILLIAM MOODY; NOVA
TRADING USA, INC.; and NOVA
WINGATE HOLDINGS, LLC,

        Defendants and
        Counterclaim Plaintiffs.

**ORDER AND OPINION
ON MOTION FOR JUDICIAL
DISSOLUTION AND MOTION
FOR COSTS AND ATTORNEYS' FEES**

1. A six-day jury trial in this matter resulted in a verdict in favor of Plaintiffs Vanguard Pai Lung, LLC ("Vanguard") and Pai Lung Machinery Mill Co. LTD. ("Pai Lung"). Following the verdict, the parties agreed to submit two nonjury issues for the Court to resolve before entering judgment. One is Plaintiffs' motion for an award of costs and attorneys' fees against Defendants William Moody, Nova Trading USA, Inc. ("Nova Trading"), and Nova Wingate Holdings, LLC ("Nova Wingate"). (ECF No. 169.) The other is Nova Trading's motion for judicial dissolution of Vanguard. (ECF No. 170.) For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion for costs and attorneys' fees and **DENIES** Nova Trading's motion for dissolution.

    *Womble Bond Dickinson (US) LLP, by Matthew F. Tilley, Russ Ferguson, and Patrick G. Spaugh, and Perkins Coie LLP, by John P. Schnurer, John D. Esterhay, Yun (Louise) Lu, and Hayden M. Schottlaender, for Plaintiffs Vanguard Pai Lung, LLC and Pai Lung Machinery Mill Co. LTD.*

*Burns, Gray & Gray, by Christopher A. Gray, for Defendants William Moody, Nova Trading USA, Inc., and Nova Wingate Holdings, LLC.*[1]

Conrad, Judge.

I.
BACKGROUND

2.     This case arises out of disputes over Vanguard's management and operations. Vanguard makes and sells high-speed circular knitting machines. Its majority member is Pai Lung, and its minority member is Nova Trading. Moody is Vanguard's former president and CEO; he is also the sole owner of Nova Trading and Nova Wingate.

3.     In 2018, Vanguard and Pai Lung filed suit and asserted sixteen claims for relief against Moody, Nova Trading, and Nova Wingate. In a nutshell, the complaint alleged that Moody orchestrated a long-running scheme of self-dealing and other misconduct designed to benefit himself, his family, and his friends. Defendants counterclaimed and accused Pai Lung of using its majority position to force Moody out of Vanguard and to frustrate Nova Trading's minority rights. The twelve counterclaims included Nova Trading's demand for judicial dissolution of Vanguard on statutory and common-law grounds. Previous orders describe the competing allegations in more detail. *See Vanguard Pai Lung, LLC v. Moody*, 2020 NCBC LEXIS 92 (N.C. Super. Ct. Aug. 4, 2020); *Vanguard Pai Lung, LLC v. Moody*, 2019 NCBC LEXIS 39 (N.C. Super. Ct. June 19, 2019).

---

[1] Moody, Nova Trading, and Nova Wingate retained new counsel after the hearing on these motions, and Christopher A. Gray has withdrawn as their counsel with the Court's leave.

4.     Many of the twenty-eight claims and counterclaims were dismissed or otherwise resolved before trial.[2]  Those that remained, excluding Nova Trading's counterclaims for judicial dissolution, were tried before a jury in March 2022.  The jury rendered a verdict in favor of Vanguard and Pai Lung on their claims—fraud, conversion, embezzlement, unjust enrichment, and more—and awarded compensatory and punitive damages totaling over $3 million.  The jury also rendered a verdict in favor of Vanguard and Pai Lung on Defendants' counterclaims.  (*See* Verdict Sheet, ECF No. 167.)

5.     The parties agreed to reserve Nova Trading's dissolution counterclaims for resolution by the Court.  Following the verdict, Nova Trading filed its motion to dissolve Vanguard, which seeks a decree of dissolution, appointment of a receiver, and entry of judgment on the dissolution counterclaims.  Vanguard and Pai Lung oppose dissolution.  They have, in turn, moved for an award of costs and reasonable attorneys' fees based on the jury's verdict.

6.     These matters are now fully briefed.  The Court held a hearing on 16 June 2022, at which all parties were represented by counsel.

## II.
## MOTION FOR JUDICIAL DISSOLUTION

7.     The Court begins with Nova Trading's motion for judicial dissolution.  In its pleading, Nova Trading asserted both statutory and common-law grounds for its

---

[2] The parties stipulated to dismissals of several claims at the summary-judgment stage and during final pretrial preparation.  Among other things, Vanguard and Pai Lung dismissed all claims against Moody's wife and children, who had been named as defendants.  (*See, e.g.*, ECF Nos. 118, 161, 164.)

dissolution counterclaims. Its brief, however, argues for dissolution exclusively on statutory grounds. The Court therefore deems any common-law basis for dissolution to have been abandoned.

8. By statute, a member of an LLC may seek judicial dissolution when "it is not practicable to conduct the LLC's business in conformance with the operating agreement and [Chapter 57D]" or when "liquidation of the LLC is necessary to protect the rights and interests of the member." N.C.G.S. § 57D-6-02(2); *see also Norris v. Greymont Dev., LLC*, 2022 NCBC LEXIS 7, at \*8 (N.C. Super. Ct. Jan. 31, 2022) (noting that "the first prong is conjunctive, requiring the member to show impracticability under both the operating agreement and Chapter 57D to permit dissolution under this subsection"). Nova Trading contends that acrimony between the members and confusion over the size of each member's ownership interest in Vanguard will make it impracticable to conduct Vanguard's business going forward. It further contends that it is powerless within Vanguard and that dissolution is therefore necessary to protect its rights. (*See* Br. Supp. Mot. Dissolution 2−3, ECF No. 171.)

9. These arguments have no merit. For one thing, Nova Trading cites virtually no supporting evidence. It did not attach any exhibits to its motion, nor did it cite any previously filed materials apart from Vanguard's operating agreement. This is a glaring violation of the Business Court Rules, which require a party to include an index of exhibits, to file supporting materials with its motion or identify their location on the docket if filed previously, and to give "a pinpoint citation to the relevant page

of the supporting material whenever possible." BCR 7.5; *see also Brewster v. Powell Bail Bonding, Inc.*, 2020 NCBC LEXIS 27, at *9 (N.C. Super. Ct. Mar. 11, 2020).

10. Nothing in the record suggests that it is impracticable to conduct Vanguard's business in conformance with its operating agreement and governing statutes. Nova Trading hasn't argued, for example, that Vanguard's management is deadlocked. Nor could it: Pai Lung holds a majority of seats on the board of managers and is able to direct the day-to-day business. (*See* Op. Agrmt. §§ 3.1(c), 4.3, ECF No. 175.3.) Indeed, Plaintiffs' evidence tends to show that Vanguard is operating and profitable. (*See* Pls.' Ex. B 36:3–7, ECF No. 175.2.) Likewise, there is no confusion about the size of each member's interest in Vanguard because the parties stipulated at trial that Pai Lung owns 67.1053% and that Nova Trading owns 32.8947%. (*See* Jury Instrs. 7, ECF No. 166.)

11. Dissolution is also not necessary to protect Nova Trading's rights. Nova Trading isn't powerless as it contends. Vanguard's operating agreement prevents Pai Lung from taking major actions—adding members, selling all company assets, and amending the operating agreement, among other things—without Nova Trading's approval. (*See* Op. Agrmt. §§ 3.4, 4.4, 8.1, 8.3, 10.1.) Yes, Pai Lung controls day-to-day operations and has a three-to-one advantage on the board of managers. But that is the division of authority that Nova Trading bargained for and agreed to when it signed the operating agreement. Being outvoted is not, by itself, a basis for dissolution.

12. Nova Trading worries that it has not received any distributions since the beginning of this lawsuit and that it has no access to Vanguard's financial information. Missing, though, is any evidence that Vanguard failed to make a required distribution, authorized a distribution to Pai Lung while withholding one from Nova Trading, or denied a request to inspect records. It bears noting that Nova Trading initially asserted but later dismissed a counterclaim based on alleged violations of its inspection rights. Nova Trading does not explain how that abandoned claim could support its case for dissolution now.

13. Finally, dissolution would frustrate the jury's verdict. Although the dissolution claim itself was not submitted to the jury, many allegations underlying the claim were. The jury rejected them, deciding that Vanguard and Pai Lung had not breached the operating agreement or withheld payments contractually owed to Moody and Nova Trading. Yet the jury found Moody and Nova Trading liable for millions of dollars in harm caused to Vanguard. Nova Trading says nothing about the verdict and makes no effort to reconcile its request with the jury's actual and presumed findings.

14. In short, neither evidence nor equity supports Nova Trading's demand to dissolve and wind up Vanguard's profitable business. The Court therefore denies its motion.

### III.
### MOTION FOR COSTS AND ATTORNEYS' FEES

15. Vanguard and Pai Lung seek an award of costs as prevailing parties. *See* N.C.G.S. §§ 6-1, 7A-305(d). Defendants do not oppose the request. Having considered

the record and governing law, the Court grants the unopposed request to recover $44,418.06 in costs.

16. Vanguard and Pai Lung also seek their attorneys' fees under N.C.G.S. § 1-538.2(a), which applies to civil actions for embezzlement. The jury found Moody liable for embezzlement and awarded $500,000 in compensatory damages for that claim. Based on this verdict, Vanguard and Pai Lung contend that they are entitled to recover all attorneys' fees—more than $2.5 million—that they incurred in prosecuting their claims and in defending against the counterclaims.

17. This request suffers from several deficiencies. First, section 1-538.2(a) entitles "the owner" of embezzled property to recover damages plus "reasonable attorneys' fees." Here, Vanguard is the owner of the property that Moody embezzled. Pai Lung is not the owner and had no claim for embezzlement. Plaintiffs have offered no reason why Pai Lung should recover attorneys' fees based on a claim it did not assert and property it did not own.

18. Second, section 1-538.2(a) authorizes attorneys' fees as a remedy for embezzlement. The statute does not, on its face, allow Vanguard to recover fees attributable to other claims raised in this case. Thus, the Court must apportion fees among the claims unless Vanguard can show that all claims, including the embezzlement claim, arise from a common nucleus of law or fact and that the time spent on the claims was overlapping. *See, e.g.*, *Philips v. Pitt Cnty. Mem'l Hosp., Inc.*, 242 N.C. App. 456, 459 (2015); *Insight Health Corp. v. Marquis Diagnostic Imaging of N.C., LLC*, 2018 NCBC LEXIS 69, at *9 (N.C. Super. Ct. July 6, 2018). The claims

must be "inextricably interwoven." *Whiteside Estates, Inc. v. Highlands Cove, L.L.C.*, 146 N.C. App. 449, 467 (2001); *see also Messer v. Pollack*, 2018 N.C. App. LEXIS 133, at *6–7 (Feb. 6, 2018) (vacating award of attorneys' fees when trial court had not found that claims were inextricably interwoven).

19.     Vanguard has not persuasively shown that every claim and counterclaim is inextricably interwoven with its embezzlement claim. A few examples will suffice. Among the sixteen original claims in the complaint were claims for fraud and tortious interference with contract. The fraud claim, which went to the jury, concerned misrepresentations about Nova Trading's capital contribution at the time Vanguard was formed. It is distinct from allegations that Moody embezzled money and other property later. The tortious-interference claim, which Plaintiffs dismissed before trial, was premised on allegations that Moody made false statements to one of Vanguard's lenders. Again, the claim is distinct from the allegations of embezzlement. Furthermore, Nova Trading's counterclaim alleging that Vanguard trampled its inspection rights has no obvious connection to the embezzlement claim.[3]

---

[3] In an earlier order, the Court held that the operating agreement required Vanguard to advance Moody's legal expenses. The Court decided that all sixteen of Vanguard's claims were advanceable because they arose from allegations of misuse of Moody's corporate position. *See Vanguard Pai Lung*, 2020 NCBC LEXIS 92, at *9–11. Vanguard contends that this reasoning mandates the conclusion that all claims and counterclaims are inextricably intertwined for purposes of awarding fees under section 1-538.2(a). It does not. Vanguard is comparing apples and oranges. Advancement turned on the nexus between the asserted claims and Moody's corporate capacity. The need to apportion attorneys' fees, on the other hand, turns on whether a given claim is inextricably interwoven with the allegations of embezzlement. And in any event, the Court held that most counterclaims were *not* advanceable, which, if anything, suggests that at least some counterclaims are not inextricably interwoven with the embezzlement claim.

20.     Third, any award of attorneys' fees must be reasonable in terms of the time expended and the amount charged.  "[C]ommunity rates in the geographic area of the litigation are relevant to the reasonableness determination." *GE Betz, Inc. v. Conrad*, 231 N.C. App. 214, 244 (2013).  "This Court has previously surveyed North Carolina cases and concluded that a typical and customary hourly rate charged in North Carolina for complex commercial litigation ranges from $250 to $475."  *Bradshaw v. Maiden*, 2018 NCBC LEXIS 98, at *12 (N.C. Super. Ct. Sept. 20, 2018) (cleaned up).

21.     Vanguard's request is not reasonable.  Its attorneys include four partners and one counsel from Perkins Coie LLP, located in California and Texas, all of whom charged more than $700 per hour for their services.  The two highest billing rates exceeded $1,000 per hour.  (*See* Esterhay Aff. 3, ECF No. 169.)  These rates may be typical of firms and attorneys based in California and Texas but are significantly higher than rates customarily charged in North Carolina for cases of this type.  Indeed, the rates charged by the Perkins Coie attorneys dwarf those charged by Vanguard's capable local counsel.  (*See* Tilley Aff. 3, ECF No. 169.)  Although this has not been a simple case, neither has it been inordinately complex.  Commercial litigation often involves the same mix of business torts at issue here.  It would be unreasonable to award "a fee that includes rates double those billed in the community where the litigation took place for work that seemingly did not require such a premium." *GE Betz*, 231 N.C. App. at 247; *see also In re Newbridge Bancorp S'holder Litig.*, 2016 NCBC LEXIS 91, at *46 (N.C. Super. Ct. Nov. 22, 2016) (declining to

award fees at full rates charged by out-of-State counsel when the work "could have been performed fully by competent North Carolina counsel").

22.    Fourth, citing privilege concerns, Vanguard did not submit any billing records or attempt to categorize how much time was devoted to any given task. All that Vanguard has provided to date is the total number of hours billed and the total amount charged by each attorney—one attorney spent 1,061 hours on the case—with no additional detail. (*See* Esterhay Aff. 3.) It is therefore impossible to determine whether Vanguard's attorneys spent a reasonable or unreasonable amount of time drafting or responding to motions, preparing for and conducting depositions, and handling other discovery matters, for example.

23.    In sum, although Vanguard (but not Pai Lung) is entitled to recover reasonable attorneys' fees under section 1-538.2(a), the amount that it seeks is unreasonable, and the Court cannot determine what amount would be reasonable based on the current record. Vanguard has expressed its willingness to provide billing records in camera to facilitate a reasonableness review. That approach, however, would likely necessitate supplemental briefing and a second hearing, thus further delaying the entry of judgment. The Court concludes that the better course is to deny the motion for attorneys' fees without prejudice to Vanguard's right to renew its motion after the entry of judgment, the resolution of any postjudgment motions, and the exhaustion of any appeals.

## IV.
## CONCLUSION

24. For all these reasons, the Court **DENIES** Nova Trading's motion for judicial dissolution.

25. The Court **GRANTS** Plaintiffs' unopposed motion for an award of costs in the amount of $44,418.06. The Court **DENIES** Plaintiffs' motion for attorneys' fees, though without prejudice to Vanguard's right to renew the motion after the resolution of postjudgment motions and appeals, if any.

26. The parties shall revise their proposed judgment and tender it via e-mail for the Court's review no later than 12 September 2022.

**SO ORDERED**, this the 31st day of August, 2022.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases