IN THE SUPREME COURT OF NORTH CAROLINA

No. 15A24

Filed 21 March 2025

VANGUARD PAI LUNG, LLC and PAI LUNG MACHINERY MILL CO. LTD.

v.

WILLIAM MOODY, NOVA TRADING USA, INC., and NOVA WINGATE HOLDINGS, LLC

Appeal pursuant to N.C.G.S. § 7A-27(a)(2) from an opinion and order entered on 31 August 2022, a corrected final judgment entered on 28 September 2022, and an order and opinion on post-trial motions entered on 27 June 2023 by Judge Adam M. Conrad, Special Superior Court Judge for Complex Business Cases, in Superior Court, Mecklenburg County, after the case was designated a mandatory complex business case by the Chief Justice pursuant to N.C.G.S. § 7A-45.4(a). Heard in the Supreme Court on 29 October 2024.

*Womble Bond Dickinson (US) LLP, by Matthew F. Tilley, for plaintiff-appellees.*

*James, McElroy & Diehl, P.A., by Preston O. Odom III, for defendant-appellants.*

DIETZ, Justice.

Following an adverse jury verdict in this complex business case, defendants filed several post-trial motions, including a motion for judgment notwithstanding the verdict. The business court determined that two issues raised in that motion were not

properly preserved because the issues were not raised in defendants' motion for directed verdict.

To support this preservation ruling, the business court relied on a line of Court of Appeals cases. As explained below, we agree with this Court of Appeals precedent and take the opportunity to endorse it. We hold that, to preserve an issue for use in a motion for judgment notwithstanding the verdict under Rule 50(b) of the Rules of Civil Procedure, the movant first must timely move for a directed verdict on that same issue. In a case involving multiple claims or defenses, an issue is raised at the directed verdict stage only if the movant expressly articulates that specific argument or theory to the trial court.

Applying this rule here, the business court properly determined that several of defendants' arguments were not preserved. The court also properly rejected defendants' other post-trial arguments on the merits. We therefore affirm the decision of the business court.

### Facts and Procedural Background

Plaintiff Vanguard Pai Lung, LLC is a manufacturer and distributor of high-speed circular knitting machines. Defendant William Moody served as the president and chief executive officer of Vanguard Pai Lung through much of the 2010s.

Vanguard Pai Lung both manufactures its own equipment and serves as the sales agent for Pai Lung Machinery Mill Co. Ltd., a Taiwanese manufacturer.

Pai Lung Machinery owns a two-thirds interest in Vanguard Pai Lung. The

remaining one-third interest is owned by defendant Nova Trading USA, Inc., which in turn is owned by William Moody. Moody also owns defendant Nova Wingate Holdings, LLC.

In 2017, Pai Lung Machinery brought in an accountant to investigate Vanguard Pai Lung's finances after becoming concerned about financial losses and mismanagement at the company. That investigation led Pai Lung Machinery to conclude that Moody had engaged in various forms of fraud and embezzlement of company assets.

Plaintiffs sued Moody, his family members, and the Nova entities that he owned. Plaintiffs brought sixteen claims grounded in Moody's alleged fraud and deceptive business practices. In response, defendants asserted twelve counterclaims primarily based on alleged breaches of contract.

Many claims and defendants fell away during the pretrial proceedings or are not relevant to this appeal. In 2022, the parties went to trial on plaintiffs' claims for fraud, conversion, embezzlement, unfair and deceptive trade practices, and unjust enrichment.

After the close of the plaintiffs' case in chief, defendants orally moved for a directed verdict in open court. In that oral motion, defendants made a series of arguments directed at specific claims and defenses in the case. The business court reserved a ruling on that motion. Defendants timely renewed the motion at the close of the evidence. The business court denied the motion in part and granted it in part,

eliminating one of plaintiffs' theories for the unfair and deceptive trade practices claim but allowing the remaining claims to go to the jury.

The jury returned a verdict finding Moody and Nova Trading liable for fraud, Moody liable for conversion, Moody liable for embezzlement, Moody liable for constructive fraud, Moody and Nova Wingate liable for unfair and deceptive trade practices, and all defendants liable for unjust enrichment. The jury also found that Moody controlled the Nova business entities in committing the acts that constituted the fraud, unfair and deceptive trade practices, and unjust enrichment.

After the jury returned its verdict, defendants moved for dissolution of Vanguard Pai Lung, arguing that the business could not continue in light of the jury verdict. Defendants pointed to the fact that Moody and the Nova businesses, against whom Vanguard Pai Lung had pursued these claims, owned a substantial stake in the company.

The business court denied that motion, reasoning that there was no evidence of a deadlock on Vanguard Pai Lung's board and no evidence that the company withheld any distributions to defendants. The court also reasoned that dissolution would frustrate the jury's verdict, which found that plaintiffs had not breached the operating agreement or withheld any contractually owed payments.

The business court later entered a final judgment, and defendants timely moved for judgment notwithstanding the verdict or, in the alternative, a new trial or amendment of the judgment.

The business court granted the motions in part and denied the motions in part. It rejected defendants' arguments concerning the fraud, conversion, embezzlement, and unjust enrichment claims. The court granted defendants' motion for judgment notwithstanding the verdict with respect to the unfair and deceptive trade practices claim, concluding that there was insufficient evidence of conduct "in or affecting commerce."

Defendants timely appealed the business court's judgment and the rulings on the post-trial motions. *See* N.C.G.S. § 7A-27(a)(2) (2023).

**Analysis**

**I.   Preservation of Defendants' JNOV Arguments**

We begin our review with defendants' motion for judgment notwithstanding the verdict, also known as a motion for JNOV.[1] Specifically, we address the business court's determination that several of defendants' JNOV arguments were not preserved for review.

Whether a party is entitled to JNOV under Rule 50(b) of the Rules of Civil Procedure is a question of law that we review de novo. *Morris v. Scenera Research, LLC*, 368 N.C. 857, 861 (2016); *see also* N.C.G.S. § 1A-1, Rule 50(b)(1) (2023).

The purpose of a motion for JNOV is to test the sufficiency of the evidence on which the jury relied and to enter a judgment contrary to the jury's verdict if, as a

---

[1] The term JNOV" is an abbreviation of the phrase "judgment *non obstante veredicto*." In our case law, this is the most common abbreviation used for judgment notwithstanding the verdict. *See, e.g., Morris v. Scenera Research, LLC*, 368 N.C. 857, 861 (2016).

matter of law, the evidence presented does not support that verdict. *Scarborough v. Dillard's, Inc.*, 363 N.C. 715, 719–20 (2009). The legal standard applied to a JNOV motion is quite demanding and the motion should be granted "cautiously and sparingly." *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 369 (1985).

A court may enter JNOV only if "it appears, as a matter of law, that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish." *Scarborough*, 363 N.C. at 720 (cleaned up). Thus, to survive a motion for JNOV, the nonmovant need only point to "more than a scintilla of evidence" that supports its claim. *Morris*, 368 N.C. at 861. The nonmovant meets this low bar by demonstrating that the evidence would permit the jury to resolve the evidentiary conflicts in its favor based on more than raw "suspicion, conjecture, guess, surmise, or speculation." *Id.*

Importantly, however, there is a preservation question that must be addressed before a court examines the merits of a JNOV motion. A JNOV motion "is essentially a renewal of an earlier motion for directed verdict." *Scarborough*, 363 N.C. at 720. Thus, Rule 50(b)(1) provides that a motion for JNOV may be pursued only "in accordance with" an earlier motion for directed verdict asserted during the trial. N.C.G.S. § 1A-1, Rule 50(b)(1). Moreover, the motion for JNOV may be granted only "if it appears that the motion for directed verdict could properly have been granted." *Id.*

Implicit in this language is the understanding that a JNOV motion is limited

to the specific grounds raised in the motion for direct verdict that is being renewed. Although this Court has never expressly adopted this rule, there is a long line of Court of Appeals case law holding that to "have standing after the verdict to move for JNOV, a party must have made a directed verdict motion at trial on the *specific issue* which is the basis of the JNOV." *Plasma Ctrs. of Am., LLC v. Talecris Plasma Res., Inc.*, 222 N.C. App. 83, 87 (2012) (cleaned up) (emphasis added).

The business court relied on this Court of Appeals precedent in the absence of controlling precedent from this Court. We agree with the Court of Appeals and take this opportunity to endorse that court's holding. The text of Rule 50(b) emphasizes that JNOV is available only if the JNOV motion is made "in accordance with" an earlier motion for directed verdict that "could properly have been granted." N.C.G.S. § 1A-1, Rule 50(b)(1). Thus, as the Court of Appeals has observed, under Rule 50(b), a movant "cannot assert grounds on a motion for JNOV that were not previously raised in the directed verdict motion" because those new grounds are not "in accordance with" the earlier motion. *Couch v. Priv. Diagnostic Clinic*, 133 N.C. App. 93, 100, *aff'd without precedential value*, 351 N.C. 92 (1999). We adopt the reasoning of this line of Court of Appeals cases and hold that to preserve an issue for use in a motion for JNOV under Rule 50(b), the movant first must have timely moved for a direct verdict based on that same issue.

Our adoption of this holding gives rise to a follow-on question that the Court of Appeals addressed in *Plasma Centers*: how does a court determine what "specific

issues" a litigant raised in a motion for directed verdict? *See Plasma Ctrs.*, 222 N.C. App. at 87–88. Rule 50(a) requires that a motion for directed verdict "state the specific grounds therefor." N.C.G.S. § 1A-1, Rule 50(a). This ensures that the trial court and the nonmoving party have "adequate notice" of those arguments. *See Feibus & Co. (N.C.) v. Godley Constr. Co.*, 301 N.C. 294, 299 (1980).

But this Court also has held that courts "need not inflexibly enforce the rule when the grounds for the motion are apparent to the court and the parties." *Anderson v. Butler*, 284 N.C. 723, 729 (1974), *overruled on other grounds by Nelson v. Freeland*, 349 N.C. 615 (1998). In *Anderson*, for example, there was a single claim for negligence and, at the close of the evidence, the defendants moved for a directed verdict without identifying any specific grounds. 284 N.C. at 729. This Court held that it was "obvious that the motion challenged the sufficiency of the evidence to carry the case to the jury." *Id.*

The defendant in *Plasma Centers* pointed to *Anderson* as support for an argument that, having expressly raised several contract theories in the directed verdict motion, other related theories could be raised in the JNOV motion. *Plasma Ctrs.*, 222 N.C. App. at 88. The Court of Appeals rejected this argument and distinguished *Anderson* by noting that, unlike the straightforward negligence claim in *Anderson*, the *Plasma Centers* case involved multiple contract theories and defenses. *Id.* Moreover, the movant "only argued two very specific grounds for its directed verdict motion," leading the trial court to disregard other "unasserted, but

potentially viable," arguments that also could have been made. *Id.* The Court of Appeals thus concluded that only the two specific issues raised in the direct verdict motion were available in a later motion for JNOV. *Id.*

Again, we agree with the Court of Appeals reasoning and take the opportunity to endorse it. This Court's holding in *Anderson* is limited to uncomplicated, single-issue cases where the basis for the motion is the sufficiency of the evidence supporting the elements of the claim. *Anderson*, 284 N.C. at 729. In cases involving "multiple defenses and theories of liability, it is critical that the movant direct the trial court with specificity to the grounds for its motion for a directed verdict." *Plasma Ctrs.*, 222 N.C. App. at 88. When a specific argument or theory that forms a ground for relief is not expressly stated in a directed verdict motion, that issue is waived both at the directed verdict stage and later at the JNOV stage.

Having endorsed this reasoning of the Court of Appeals, we turn to its application in this case. The business court determined that several of the issues raised in defendants' motion for JNOV were not previously asserted in the oral motion for directed verdict. The court therefore ruled that these claims were waived under the precedent described above.

We begin with the court's analysis of the conversion claim. That claim involved conversion of Vanguard Pai Lung money for Moody's personal benefit, as well as conversion of company property including automobiles, cell phones, laptops, and luxury box football tickets for the benefit of Moody and his family members. The jury

awarded plaintiffs $272,300 for conversion of the company funds and property.

In the motion for JNOV, Moody argued that the evidence was insufficient to support the jury's verdict because plaintiffs did not adequately identify the allegedly converted funds and because plaintiffs failed to show that Moody himself possessed much of the allegedly converted property such as automobiles and cell phones.

In the motion for directed verdict, Moody argued only that there was insufficient evidence that he converted the company laptops used by his family members:

> And as it relates to the claim of conversion related to the laptops of the Moody children, there is no allegation that Bill Moody participated in that in any way, and the claims for conspiracy have been dismissed; therefore, that claim will fail as a matter of law.

The business court determined that most of Moody's conversion arguments in the JNOV motion were not preserved. The court explained that those arguments "go far beyond what Moody raised at trial" because, in the directed verdict motion, Moody "did not refer to the disputed money, cars, cell phones, and football tickets." The court observed that with "the benefit of hindsight, Moody points to the argument that he made in his motion to direct a verdict on the *embezzlement* claim and argues that he intended that argument to apply to the *conversion* claim as well." But, the business court explained, if that was Moody's intent in his original directed verdict motion, "it was not apparent at the time, and it is not apparent from the transcript so many months after the fact."

The business court emphasized that this case "was not a single-claim trial with one or two self-evident disputes" and, relying on the rule articulated in *Plasma Centers*, concluded that "Moody made a specific, narrow argument at trial and therefore waived the more expansive arguments that are the basis of his JNOV motion."

This is a correct application of the rule from *Plasma Centers*, which we have now confirmed is the law governing this preservation issue. The arguments that Moody sought to raise in the JNOV motion were not among the "specific grounds" asserted in the motion for directed verdict. *See* N.C.G.S. § 1A-1, Rule 50(a). Accordingly, those arguments were not preserved and the business court properly concluded that they were waived.

We next examine the fraud claim. A fraud claim has five essential elements: (1) a false representation, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) that does in fact deceive, and (5) that results in damage to the deceived party. *Ragsdale v. Kennedy*, 286 N.C. 130, 138 (1974). Here, plaintiffs alleged that Moody and his business, Nova Trading, committed fraud under two theories: by misrepresenting the value of industrial machinery that they contributed to secure a minority stake in Vanguard Pai Lung and by misrepresenting Moody's intent to have the machinery appraised in the future to confirm that purported value.

In the motion for JNOV, Moody and Nova Trading argued that there was insufficient evidence to satisfy the third element of that fraud claim—that the false

representations were made with intent to deceive. The business court determined that this was not a specific ground on which they moved for a directed verdict during trial.

In the oral motion for directed verdict, Moody and Nova Trading focused on the sufficiency of the evidence concerning the first element—that defendants made misrepresentations:

> As it relates to the claims of fraud specifically related to the misrepresentations alleged to have been made related to the value of inventory and as it relates to any claims for fraud or misrepresentation on — of the intent to have the inventory appraised, that it creates more than a mere scintilla even in the light most favorable to the plaintiff here.

To be fair, this argument is so confusingly worded that defendants might have intended for it to encompass *all* the elements of fraud, including the third element, with respect to both theories of fraud asserted in the case. But under the rule we adopt from *Plasma Centers*, this confusion results in waiver. As the business court observed, this was far from a "single-claim trial with one or two self-evident disputes." The court "tendered thirty-six issues to the jury" on multiple theories and claims. In this type of multi-claim, multi-theory case, the movant must direct the trial court "with specificity" to the grounds for the motion.

Here, for example, to preserve the argument raised in the JNOV motion, Moody and Nova Trading needed to specifically assert to the business court that they were challenging the sufficiency of the evidence that the alleged misrepresentations

were made with an intent to deceive (the third element of the fraud claim). They did not do so, instead making a confusingly worded argument that led the business court to believe it was based on insufficiency of the evidence of any misrepresentations (the first element of the claim).

Compounding this confusion, in other arguments in defendants' oral motion for directed verdict, defendants repeatedly focused on specific issues or elements of individual claims. This led the business court, understandably, to focus on what defendants expressly said rather than "unasserted" issues that could only be implied from context. *Plasma Ctrs.*, 222 N.C. App. at 88. Taking all of this together, the business court properly determined that the JNOV arguments concerning the third element of the fraud claims were not adequately preserved.

We conclude by acknowledging that at the close of the plaintiffs' case and again at the close of all the evidence, litigants and their counsel might feel pressured to move the case along. Spending a substantial amount of time outside the presence of the jury reading a lengthy list of directed verdict issues in open court—particularly when it seems obvious that the trial court will defer ruling on the motions—might feel like a formality. This, in turn, can lead to inadvertent waiver of issues the litigant intended to preserve.

The best practice in these multi-claim, multi-defense cases is to prepare and file a written motion for directed verdict. This provides the opposing parties and the court with notice of the specific grounds for the motion. The key issues can then be

highlighted for the court's consideration in open court without raising concerns about preservation and waiver.

## II. Remaining Post-Trial Issues

In addition to these waiver rulings, the business court also examined, in the alternative, the merits of defendants' unpreserved arguments, as well as other post-trial arguments from defendants that were properly preserved, including other JNOV issues under Rule 50(b), a request for a new trial or amended judgment under Rule 59 of the Rules of Civil Procedure, and a request for dissolution of Vanguard Pai Lung.

These remaining issues are highly fact-bound and involved the application of settled law from this Court to the evidence presented in the case. We cannot improve upon the well-reasoned memorandum opinions and orders entered by the business court on these matters. Moreover, repeating that court's analysis would not meaningfully add to our jurisprudence on these issues. We therefore affirm the business court's orders on these additional grounds for the reasons stated by the business court.[2]

## Conclusion

We affirm the judgment and post-trial orders of the business court.

---

[2] The order and opinion of the North Carolina Business Court concerning the request for dissolution is available at 2022 NCBC 48, https://www.nccourts.gov/documents/business-court-opinions/vanguard-pai-lung-llc-v-moody-2022-ncbc-48. The order and opinion concerning the remaining post-trial motions is available at 2023 NCBC 44, https://www.nccourts.gov/documents/business-court-opinions/vanguard-pai-lung-llc-v-moody-2023-ncbc-44.

AFFIRMED.